[Civ. No. 13318.. First Dist., Div. Two. Mar. 20, 1947.]

DEPARTMENT OF MOTOR VEHICLES, CALIFORNIA HIGHWAY PATROL, Petitioner, v. INDUSTRIAL ACCIDENT COMMISSION and CLARENCE W. COPE, Respondents.

Donald Gallagher, Royle A. Carter and Edward J. Gibbons for Petitioner.

R. C. McKellips, John A. Rowe, Jr., and Charles A. Son for Respondents.

JONES, J. pro tem.—This is a proceeding to annul an award of the Industrial Accident Commission against the Department of Motor Vehicles, California Highway Patrol.

On April 2, 1944, Clarence W. Cope, a traffic officer of the California Highway Patrol, sustained an injury to his back while engaged in active law enforcement, resulting in a total permanent disability. The degree of this disability was established at 82 per cent. The commission also found that a total temporary disability resulted which extended over two periods, one from April 2, 1944, to May 17, 1944, and the other from February 2, 1945, to January 20, 1946. Following his injury, Cope took a leave of absence with full pay. This leave commenced on April 2, 1944, the date on which he was injured, and continued for 52 weeks.

An award was made on account of the permanent disability in the sum of $6,000, payable at the rate of $25 per week, and commencing as of April 10, 1944, one week after the injury. (Lab. Code, § 4650.) Attorney fees, medical expenses, and a pension allowance were also awarded, but no question is made of these items. In the award for total permanent disability the employer was given credit for all sums paid on account of temporary disability at the rate of $25 per week. The petitioner claims that it is also entitled to a credit for all payments made on account of the permanent disability allowance while Cope was drawing full pay on leave of absence. The argument advanced in support of this claim is that the full pay for one year allowed by section 4800 of the Labor Code is, by the terms of the code, substituted for all disability allowance.

With reference to those members of the highway patrol whose principal duties consist of active law enforcement, section 4800 provides that, "Whenever any member of the California Highway Patrol is disabled by injury or illness arising

out of and in the course of his duties, he shall become entitled, regardless of his period of service with the patrol to leave of absence while so disabled without loss of salary, in lieu of disability payments under this chapter, for a period of not exceeding one year." Reading this section with section 4804 which provides that no temporary disability shall be paid concurrently with wages or salaries, and section 4803 which declares that section 4800 refers to temporary disability only, it is clear that no indemnity on account of any temporary disability may be paid to a patrolman who is drawing full pay while on leave of absence on account of injury.

With reference to the payment of a permanent disability indemnity concurrently with salary received while on leave, the problem is not so simple. In *Department of Motor Vehicles* v. *Industrial Acc. Com.*, 14 Cal.2d 189 [93 P.2d 131], it was held that an indemnity for permanent disability might be paid to an injured patrolman who since his injury had returned to work and was drawing full pay. This holding is in conformity with the general rule that an employee is entitled to an award for permanent disability without regard to the receipt of wages after the injury. However, in arriving at its conclusion, the court construed the prohibitory provisions of section 4804, as it then stood, as applying only to the salary received by an injured patrolman while on leave, and as in no way abrogating the general rule referred to. Section 4804, then, read: "No disability indemnity shall be paid to said member concurrently with wages or salary payments or for time after the effective date of retirement under the State Employees' Retirement System." In regard to this section, the court said: "This section, appears to have been drafted to prevent the payment of both salary and indemnity during the one-year period, or payment for both indemnity and retirement. The admonition that no disability indemnity shall be paid concurrently with salary seems, under the circumstances, to refer solely to the one-year period when the highway patrol officer is on leave due to injury, and on full salary which is expressly paid in lieu of disability payments."

This is exactly what the petitioner is contending for here. Its interpretation of section 4800 is that the salary which it authorizes for the one-year period when the patrolman is on leave of absence on account of injury takes the place of all disability allowances for the year. If section 4800 were to be taken alone, it might be so construed. This, however, may not

be done. It is to be read in connection with the other sections of the Labor Code relating to the same subject, and construed so that all may be given effect if possible. The case cited, holding that the provisions of section 4804 applied to the one-year period while the patrolman was on leave and prohibited the payment of all disability allowance to him during this period while he was on full pay, was decided in August, 1939. At the 1943 session of the Legislature, section 4804 was amended to read: "No disability indemnity shall be paid to said member as temporary disability concurrently with wages or salary payments." The declaration that the disability payment mentioned in section 4800 "refers to temporary disability only" was added to section 4803 in 1939, and became effective September 19th, of that year. These changes have brought all of the provisions of the Labor Code relating to highway patrolmen in line with the general rule that an employee who has received a permanent disability is entitled to receive both salary and permanent disability indemnity, and have avoided any abrogation or suspension of the rule insofar as paying permanent disability indemnity to an injured patrolman who is drawing full pay while on leave of absence is concerned.

It is further argued by the petitioner that the salary paid to a patrolman while he is on leave of absence on account of injury is in itself a temporary disability allowance, and being such, no permanent disability indemnity may be paid concurrently therewith under the provisions of section 4661 of the Labor Code This contention is based on an interpretation of section 3207 defining compensation. It is urged that the salary paid to a patrolman while on leave is compensation as the term is defined in section 3207, that is, a disability allowance, or compensation for his injury, as distinguished from salary. Such an interpretation, however, produces an immediate conflict with the express provision of section 4800 that the salary is in lieu of disability payments. If the Legislature had intended the salary to be paid as a disability allowance, it undoubtedly would have said so. What it did say is exactly to the contrary and any seeming conflict with this expression must be resolved to give it effect if reasonably possible. The courts have repeatedly stated, as is set forth in 23 California Jurisprudence, page 760, section 134, that "It is a cardinal rule of construction that a statute must be read and considered as a whole, in order that the true legisla-

tive intention may be determined. All the parts of a statute must be construed together, and harmonized, so far as it is possible to do so without doing violence to the language or to the spirit and purpose of the act, so that the statute may stand in its entirety. For the purpose of harmonizing apparently conflicting clauses, each should be read with direct reference to every other which relates to the same subject, and so read, if possible, as to avoid repugnancy. Sections, paragraphs and sentences may be transposed, elegance of composition may be sacrificed, and the meaning of words and phrases may be restricted or enlarged. A provision or clause must, of course, be read as a whole, and sections which are parts of one act, dealing with the same general subject, will be construed together and harmonized, so far as possible.'' In consonance with this rule, as is stated in *Marshall* v. *Williams*, 85 Cal.App. 507 [259 P. 970], ''When a general intention is expressed in an act and also a particular intention incompatible with the general intention, the particular intention is to be considered in the nature of an exception and both are to have effect in their respective spheres.''

 Viewing the several sections of the Labor Code under consideration in the light of the established rules of construction, it is manifest that it was intended by the Legislature to provide an injured patrolman with his full pay for a year in the place of any temporary disability allowance, but in no way to limit his right in accordance with the general rule to receive an award of permanent disability indemnity concurrently with his salary.

The award is affirmed.

Nourse, P. J., and Goodell, J., concurred.

Petitioner's application for a hearing by the Supreme Court was denied May 15, 1947.