[Civ. No. 18982. Second Dist., Div. Three. June 17, 1952.]

CARL L. HAWTHORN, Respondent, v. CITY OF BEVERLY HILLS (a Corporation) et al., Appellants.

Richard C. Waltz, City Attorney, for Appellants.

Henry McClernan, City Attorney (Glendale), John H. Lauten, Assistant City Attorney, and Joseph R. Roark, Deputy City Attorney, as Amici Curiae on behalf of Appellants.

Charles A. Son and John W. Hill for Respondent.

VALLÉE, J.—Appeal by defendants from a judgment directing that a writ of mandate issue commanding them to grant petitioner a leave of absence from his former employment with defendant city, referred to as the city, from December 21, 1949, to October 30, 1950, with full salary of $3,616.16, less a credit of $1,165.71, on account of temporary disability payments which he has retained. ▮ Defendants also appealed from an order denying their motion to quash the temporary restraining order and from an order overruling their demurrer to the petition. Since the latter order is not appealable, the appeal therefrom will be dismissed.

On December 21, 1949, petitioner was, and for many years prior thereto had been, employed by the city as a fireman engaged in active fire fighting and prevention service. On

that day he sustained an injury arising out of and in the course of his duties, resulting in his temporary disability until October 30, 1950. Prior to the injury the city had elected to have its firemen become members of the State Employees' Retirement System,[1] and petitioner was a member of the system at the time of the injury.

Petitioner filed an application with the Industrial Accident Commission for adjustment of his claim on account of the injury. The commission found that petitioner "is entitled to a leave of absence without loss of salary, in lieu of disability payments, during the time he is disabled by said injury, for a period not exceeding one year from date of injury." An award of medical treatment was made. The commission did not award the salary for want of jurisdiction. Petitioner received temporary disability payments of $1,165.71 from the State Compensation Insurance Fund, the city's insurer, which he retained as a credit to the city.

The civil service ordinance of the city and the rules adopted thereunder provided that the city council could terminate the employment of firemen when they attained the age of 55. Petitioner became 55 years of age January 13, 1950, and his employment was terminated January 31, 1950. The city paid him his salary until January 31, 1950. The city did not pay him salary after that date; however, he was paid the normal temporary disability compensation of $30 a week by the fund. The sum sued for is the difference between the amount of unpaid salary during disability and the normal temporary disability compensation which plaintiff retained.

Section 4850 of the Labor Code as amended in 1949[2] provides that when a city fireman who is a member of the State Employees' Retirement System is disabled by injury arising out of and in the course of his duties, "he shall become entitled, regardless of his period of service with the city, to leave of absence while so disabled without loss of salary, in lieu of disability payments under this chapter, for the period of not exceeding one year. . . . If the employer is insured, the payments which, except for the provisions of this section, the insurer would be obligated to make as disability indemnity to the injured, the insurer may pay to the insured. This section refers to temporary disability only."

The refusal of defendants to pay petitioner his salary dur-

---

[1] Gov. Code, §§ 20010, 20021, 20450, 20568.

[2] Stats. 1949, ch. 1143, p. 2042. The section was again amended in 1951. (Stats. 1951, ch. 1378, p. 3299.)

ing the full period of disability is predicated solely on their claim that section 4850 is unconstitutional. They concede that the money is due if section 4850 is constitutional. Their contention is bottomed on the premise that "the salary sued for is not Workmen's Compensation." The premise is fallacious.

■ The Workmen's Compensation Act embodies a complete and exclusive code of laws on the subject.[3] It is to be liberally construed with the purpose of extending its benefits for the protection of persons injured in the course of their employment.[4] ■ The act must be taken as a whole, and scrutiny is not confined to the particular section under review. All are parts of a connected whole and the several sections are to be read in connection with every other section. Section 4850 is to be given effect, if possible.

The Workmen's Compensation Act is division IV of the Labor Code. "Compensation" means compensation under division IV and includes every benefit or payment conferred by that division upon an injured employee.[5] Part 2 of division IV treats of computation of compensation. Chapter 2 of part 2 (§§ 4550-4854) is titled "Compensation Schedules." Section 4550 provides that where liability for compensation exists under the act, such compensation shall be furnished or paid by the employer and shall be as provided in chapter 2, which includes section 4850 that defendants say is unconstitutional.

Article 3 of chapter 2 contains a schedule of temporary and permanent disability payments. Article 7 of chapter 2 of division IV (§§ 4850-4854) treats of payments to city policemen and city firemen who are members of the State Employees' Retirement System. Section 4850 provides that if a city policeman or city fireman who is a member of the system is disabled by injury or illness arising out of and in the course of his duties he shall be entitled to leave of absence while so disabled "without loss of salary, in lieu of disability payments under this chapter, for the period not exceeding one year." As we have noted "this chapter" is chapter 2, titled "Compensation Schedules," Section 4851 imposes the

[3]2 Campbell's Workmen's Compensation 1399, § 1682, and cases cited.
[4]Labor Code, § 3202, 1 Campbell's Workmen's Compensation 23, § 29.
[5]Labor Code, § 3207. Section 5001 also defines "compensation": "Compensation is the measure of the responsibility which the employer has assumed for injuries or deaths which occur to employees in his employment when subject to this division. . . ."

duty on the Industrial Accident Commission to determine whether the disability referred to in section 4850 arose out of and in the course of duty, and, in a disputed case, to determine when such disability ceases. Section 4852 provides that the provisions of article 7 do not diminish or affect the right of such employee to the medical, surgical, and hospital benefits prescribed by division IV. Section 4853 provides that whenever such disability of a city policeman or city fireman continues for a period beyond one year he shall thereafter be subject, as to disability indemnity, to the provisions of division IV other than section 4850 during the remainder of the period of his disability or until the effective date of his retirement under the State Employees' Retirement Act, and the leave of absence shall continue. Section 4854 provides that no disability indemnity shall be paid to such policeman or fireman concurrently with wages or salary payments.

The term "compensation" is a technical one and includes all payments conferred by the act upon an injured employee.[6] "Compensation" of an employee in the form of wages or salary for services performed, does not have the same meaning as the word "compensation" in the Workmen's Compensation Act. The former is remuneration for work done; the latter is indemnification for injury sustained.[7] Wages and salary may, under some circumstances, be paid as compensation in lieu of the normal temporary disability payments prescribed by the act.[8] Such payments do not constitute salary or gratuities, but are payments of compensation under the act.

We think it manifest that the normal schedule of compensation for temporary disability of city firemen, mem-

---

[6]Labor Code, § 3207; *Evans* v. *Los Angeles Ry. Corp.*, 216 Cal. 495 [14 P.2d 752]; *City of Oakland* v. *Lyckberg*, 95 Cal.App. 71, 72-74 [272 P. 606]; *Sacramento* v. *Central California T. Co.*, 78 Cal.App. 215, 219-220 [248 P. 307].

[7]*Sacramento* v. *Industrial Acc. Com.*, 74 Cal.App. 386, 391-393 [240 P. 792].

[8]*Evans* v. *Los Angeles Ry. Corp.*, 216 Cal. 495 [14 P.2d 752], in which it was held that payment of full salary required by a city ordinance could be considered as compliance with the Workmen's Compensation Act and that the greater amount was justified by the peculiarly hazardous character of a fireman's work; *Sacramento* v. *Central California T. Co.*, 78 Cal.App. 215, 219-220 [248 P. 307]; *London Guar. & Acc. Co.* v. *Industrial Acc. Com.*, 92 Cal.App. 298 [268 P. 670]; *Morrison* v. *Industrial Acc. Com.*, 29 Cal.App.2d 528, 534-535 [85 P.2d 186]; *Industrial Etc. Exch.* v. *Industrial Acc. Com.*, 80 Cal.App.2d 480 [182 P.2d 309].

bers of the State Employees' Retirement System, was not considered by the Legislature to be full and complete compensation for injuries received in their extrahazardous occupation, and that the salary paid to a city fireman under section 4850 is compensation for his injury within the meaning of the Workmen's Compensation Act. The requirement for payment of salary is a part of the act. It is one of the compensation schedules prescribed by chapter 2 of part 2. The commission has jurisdiction to determine whether the disability arose out of and in the course of duty. If the disability continues longer than a year a fireman thereafter receives the normal temporary disability allowance, and the leave of absence continues. The provision in section 4853 that after one year a city fireman shall be subject "as to disability indemnity" to the provisions of division IV other than section 4850, and that the leave of absence shall continue, clearly implies that the salary payment prescribed by section 4850 is disability indemnity. For a period of one year from the date of injury a city fireman is subject, as to disability indemnity, to section 4850; thereafter he is subject, as to disability indemnity, to the other provisions of the act. The payment required by section 4850 is not salary as such; it is compensation for injury received in the strict sense of that term as defined by sections 3207 and 5001. It is in place of the normal temporary disability allowance under chapter 2. The additional compensation provided by section 4850 is in the same category in this respect as additional compensation because of serious and wilful misconduct of the employer, which is held to be additional compensation for injury received.[9]

*Hawthorn* v. *Industrial Acc. Com.*, 101 Cal.App.2d 568 [225 P.2d 966], does not stand for the proposition that payment of salary pursuant to section 4850 is not workmen's compensation, as defendants argue. The only question in that case was whether the Industrial Accident Commission had jurisdiction under sections 4850-4854 to make the award of salary to petitioner. The court held it did not; that, as provided in section 4851, it only had jurisdiction to determine whether the disability referred to in section 4850 arose out of and in the course of duty.[10] When the fact of disa-

[9]Labor Code, § 4553; *E. Clemens Horst Co.* v. *Industrial Acc. Com.*, 184 Cal. 180, 192-193 [193 P. 105, 16 A.L.R. 611].

[10]See *Aetna Life Ins. Co.* v. *Industrial Acc. Com.*, 38 Cal.2d 599, 604 [241 P.2d 530].

bility was established and the salary was fixed by law as the measure of compensation the commission had neither the power nor the duty to fix the amount of compensation by an award.

 The assertion of unconstitutionality is that section 4850 violates the provisions of the state Constitution requiring general laws to have a uniform operation and prohibiting special laws, privileges and immunities.[11] Defendants argue that there is no reasonable basis for a distinction between firemen who are members of the State Employees' Retirement System and firemen who are not. It is not necessary to dilate at length on this point. As the payment of salary prescribed by section 4850 is workmen's compensation, it is without merit.

Article XX, section 21, of the Constitution reads in relevant part: "The Legislature is hereby expressly vested with plenary power, *unlimited by any provision of this Constitution,* to create, and enforce a complete system of workmen's compensation, by appropriate legislation, and in that behalf to create and enforce a liability on the part of any or all persons to compensate *any or all* of their workmen for injury or disability, and their dependents for death incurred or sustained by the said workmen in the course of their employment, irrespective of the fault of any party. . . .

"The Legislature is vested with plenary powers, to provide for the settlement of any disputes arising under such legislation by arbitration, or by an Industrial Accident Commission, by the courts, or by either, any, or all of these agencies, either separately or in combination, and may fix and control the method and manner of trial of any such dispute. . . . The Legislature may combine in one statute all the provisions for a complete system of workmen's compensation, as herein defined." (Italics added.)

Section 21 of article XX gives the Legislature plenary, unlimited power in legislating within its scope,[12] subject only to the Constitution of the United States. No other provision of the state Constitution is a limitation of the power of the Legislature under this section. Section 4850 is therefore not unconstitutional legislation contrary to the provisions of the state Constitution requiring that general laws have

[11]Const., art. I, §§ 11, 21, art. IV, § 25 (19) (28) (33).

[12]*Marshall* v. *Foote,* 81 Cal.App. 98, 103 [252 P. 1075].

a uniform operation and prohibiting special laws, privileges and immunities.[13]

█ What we have said disposes of the contention of amici curiae that section 4850 is an unconstitutional tax on the city in violation of article XI, section 12, of the Constitution which prohibits the Legislature from imposing taxes upon cities. Its further contention that section 4850, as applied to a charter city, is an unconstitutional attempt to regulate municipal affairs in violation of article XI, sections 6 and 8 of the Constitution, need not be considered as defendant city is not a charter city.[14]

█ Mandamus is a proper remedy. The act of defendants' complying with section 4850 is purely ministerial.
█ Under the Workmen's Compensation Act the Industrial Accident Commission is vested with jurisdiction to determine whether the liability referred in section 4850 arose out of and in the course of duty. It has so determined.
█ It is without jurisdiction to enforce the liability. The liability is enforcible by the courts under section 21 of article XX of the Constitution. █ Where there is no room for discretion in the performance of an act which the law specially enjoins as a duty resulting from an office, mandamus is proper.[15]

The appeal from the order overruling the demurrer to the petition is dismissed. The order denying defendants' motion to quash the temporary restraining order and the judgment are affirmed.

Shinn, P. J., and Wood (Parker), J., concurred.

A petition for a rehearing was denied July 3, 1952, and appellants' petition for a hearing by the Supreme Court was denied August 14, 1952.

---

[13]See *Western Metal Supply Co.* v. *Pillsbury,* 172 Cal. 407, 410-414 [156 P. 491, Ann.Cas. 1917E 390]; *Thaxter* v. *Finn,* 178 Cal. 270, 273-278 [173 P. 163]; *E. Clemens Horst Co.* v. *Industrial Acc. Com.,* 184 Cal. 180, 192-193 [193 P. 105, 16 A.L.R. 611]; *Moore S. Corp.* v. *Industrial Acc. Com.,* 185 Cal. 200, 202-205 [196 P. 257, 13 A.L.R. 676]; *Dominguez* v. *Pendola,* 46 Cal.App. 220, 224 [188 P. 1025]; *DeCarli* v. *Associated Oil Co.,* 57 Cal.App. 310 [207 P. 282]; 53 A.L.R. 1290; 103 A.L.R. 907; 159 A.L.R. 926.

[14]See, however, *Sacramento* v. *Industrial Acc. Com.,* 74 Cal.App. 386 [240 P. 792]; 7 Opns.Atty.Gen., 158.

[15]Code Civ. Proc., § 1085; 16 Cal.Jur. 798, § 26.