[Civ. No. 28353.   Second Dist., Div. Three.   Apr. 7, 1966.]

WILLIAM L. HOSTETTER, Plaintiff and Respondent, v. CITY OF LOS ANGELES et al., Defendants and Appellants.

Roger Arnebergh, City Attorney, Bourke Jones, Weldon L. Weber and John J. Tully, Jr., Assistant City Attorneys, for Defendants and Appellants.

Levy, DeRoy, Geffner, Koszdin & Glow, Abe F. Levy and David L. Rosner for Plaintiff and Respondent.

FORD, J. — The question presented on this appeal is whether the City of Los Angeles was entitled to deduct from each payment made to a disabled fireman an amount as a contribution to the fire and police pension fund pursuant to a provision of the city charter. The trial court held that such deduction was improper. The City of Los Angeles has appealed from the judgment granting a peremptory writ of mandate.

The petitioner, an employee of the fire department of the city, became disabled because of an injury received in the course and scope of his employment. His disability was of such a nature that he was unable to return to duty. Payments were

made to him pursuant to the provisions of section 24 of ordinance No. 89,935.[1] The challenged deduction (which counsel for the city characterize as a retention) was made on the assumption that the provisions of section 186½ of the city charter[2] were applicable to each payment.[3]

[1]Section 24 of ordinance No. 89,935 is as follows: ''Any member of the Fire Department or Police Department who sustains illness or injury proximately caused by, arising out of, and in the course of his duties, shall receive as compensation (Division IV of the Labor Code of the State of California) an amount equal to his base salary until such time as the Superintendent Receiving Hospital certifies that he is able to return to duty or until he is granted a pension; provided that in no event shall such member of the Fire Department or of the Police Department receive the compensation equal to his base salary provided in this section for a longer period than one (1) year; and in the event that such illness or injury makes the member unable to return to duty at the end of one (1) year, and said member is not granted a pension, he shall be compensated at the rate provided in Division IV of the Labor Code of the State of California. It shall be the exclusive duty of the Superintendent Receiving Hospital to furnish all necessary medical and hospital care to members entitled to compensation under this section and to decide all medical facts in connection therewith.

''All checks drawn in payment of the compensation hereinabove in this section mentioned, shall show on the reverse side the following notation: 'Paid and received pursuant to the provisions of Section 24 of Ordinance No. 89,935, not as salary or wages for services rendered, but as a disability indemnity payment pursuant to the obligation of the City of Los Angeles under Division IV of the Labor Code of the State of California,' and the departmental payroll shall indicate said ordinance and section pursuant to which the funds are disbursed.''

[2]Section 186½ of the city charter is as follows: ''Each member of the Fire and of the Police Department included within the pension provisions of this article shall contribute to said fire and police pension fund in the manner as hereinafter in this section provided.

''The administrative head of each such department shall cause to be shown on each and every payroll of said department a deduction of six per cent (6%) of the amount of salary, as shown on each such payroll, of each such member whose name appears thereon, and shall certify to the Controller on each such payroll the amount to be deducted from the compensation of each such member whose name appears thereon, and shall cause to be drawn a payroll check in favor of the Board of Pension Commissioners for the total amount of deduction shown on each payroll of such department, and said board shall deposit said payroll check to the credit of the fire and police pension fund. It shall be the duty of the administrative head of each department to cause to be furnished a copy of each and every payroll hereinbefore mentioned to the said Board of Pension Commissioners.

''Each member shall be deemed to consent and agree to each deduction made as provided for herein, and the payment of each payroll check to such members shall be a full and complete discharge and acquittance of all claims and demands whatsoever for the services rendered by such member during the period covered by such payroll, except such claims as such member may have to the benefits provided for in this article.''

[3]In the opening brief of the city it is stated that the petitioner Hostetter had been retired as of January 23, 1964, and had received no payments pursuant to section 24 of the ordinance for any period subsequent thereto. The judgment was filed on January 31, 1964, and entered on February 4, 1964. Counsel for the city state: ''[T]he only remaining question presented upon this appeal is whether the 6% 'deductions' or, in reality, re-

The city argues that the ''deduction'' of 6 percent of the amount of salary is actually a retention which, as credited to the fire and police pension fund, constitutes public moneys rather than an amount as to which the employee has any property interest since there is no provision for a refund of such moneys to the employee for any reason whatsoever (citing *Goodwin* v. *Firemen's Relief & Pension Fund,* 72 Cal. App.2d 445 [164 P.2d 512].) Upon such reasoning the city bases its contention that the base salary of petitioner was the salary provided for him in ordinance No. 89,935 less the amount of 6 percent for which provision is made in section 186½ of the city charter, being the same amount he would have actually received had he been performing his full duties as a fireman, and that, accordingly, the petitioner was being paid ''an amount equal to his base salary'' as required by section 24 of the ordinance. That position is untenable. The Supreme Court rejected reasoning of that nature in *City of Los Angeles* v. *Industrial Acc. Com. (Fraide)* 63 Cal.2d 242, at page 246 [46 Cal.Rptr. 105, 404 P.2d 809] : ''We cannot accept the city's rather metaphysical contention that it took no 'deduction' from Fraide's earnings, but that 'only 94% of the amount initially shown [as salary] constitutes his earnings or income' and that the 6 per cent deduction merely represents a transfer of funds from the city treasury's general fund to the pension fund.

''The Los Angeles City Charter, section 186½, states that 'Each member of the Fire and Police Department included within the pension provisions of this article *shall contribute* to said fire and police pension fund in the manner as hereinafter in this section provided.' The section proceeds to provide that the administrative head of each department shall 'cause to be shown on each and every payroll of said department *a deduction of six per cent (6%) of the amount of salary,* as shown on each such payroll, of each such member. . . .' Further, each member 'shall be deemed to consent and agree to each *deduction. . . .*' Finally, charter section 186 also provides that one

tentions from the payments provided to be made to plaintiff pursuant to Section 24 were lawfully and validly made.'' Neither side has contended that the appeal should be dismissed as moot. We have come to the conclusion that, in any event, the issue involved is one of continuing importance with respect to the rights of the City's policemen and firemen in the position of the petitioner during the first year of work-incurred disability and should be determined on this appeal. (See *Di Giorgio Fruit Corp.* v. *Department of Employment,* 56 Cal.2d 54, 58 [13 Cal.Rptr. 663, 362 P.2d 487].)

source of money for the pension fund consist of '*deductions* from the salaries of the members of the Fire and Police Departments. . . .' (Italics added.)''

The position of the petitioner is that payments pursuant to section 24 of ordinance No. 89,935 are received as disability indemnity for injuries sustained in the course and scope of employment rather than as salary or wages for services rendered and, consequently, do not come within the provisions of section 186½ of the city charter.

The reasoning of the Supreme Court in *Evans* v. *Los Angeles Ry. Corp.*, 216 Cal. 495, at page 498 [14 P.2d 752], as to the ordinance then before it is apropos with respect to the ordinance herein involved: ''The proper and reasonable construction of the ordinance, it seems to us, is that it fulfills the obligations of the city as an employer under the act. That it goes further, and provides for a greater amount than the act requires, is doubtless justified by the peculiarly hazardous character of the fireman's work.'' ▮ In the present case the payments to which the petitioner was entitled under the ordinance did not constitute the payment of salary or wages for services rendered but were payments of compensation because of his disability. (See *Hawthorn* v. *City of Beverly Hills*, 111 Cal.App.2d 723, 728 [245 P.2d 352].) Hence the trial court properly determined that such payments were not subject to the provisions of section 186½ of the city charter which relate to a deduction from salary or wages paid for services rendered.

The judgment is affirmed.

Shinn, P. J., and Kaus, J., concurred.