[Civ. No. 13950. Third Dist. Sept. 20, 1973.]

JACK KNOPFER et al., Plaintiffs and Appellants, v. HOUSTON I. FLOURNOY, as State Controller, et al., Defendants and Respondents.

## COUNSEL

Bart Connolly, Lempres, Duncan & Morgan and H. James Wulfsburg for Plaintiffs and Appellants.

Evelle J. Younger, Attorney General, and Walter J. Wiesner, Deputy Attorney General, for Defendants and Respondents.

Hession, Creedon, Hamlin, Kelly, Hanson & Farbstein, Francis J. Stillman, Gordon E. McClintock and Richard J. Romanski as Amici Curiae on behalf of Defendants and Respondents.

## OPINION

**FRIEDMAN, J.**—Appellants are members of the California Highway Patrol who are disabled by work-connected injuries. A provision of the workmen's compensation law (Lab. Code, § 4800) declares that, in lieu of workmen's compensation payments, disabled patrol members are entitled to leave of absence not exceeding one year without loss of salary.[1] Section 4803 states that section 4800 "refers to temporary disability only. . . ."

In this mandate action appellants complain that the State Controller is making unauthorized deductions from the payments directed by section 4800. They take the position that these payments are not salary; rather, that they constitute workmen's compensation disability benefits which may not be assigned, which are exempt from attachment or execution and are subject only to liens for a limited variety of claims such as medical and

---

[1]Labor Code section 4800 provides: "Whenever any member of the California Highway Patrol . . . is disabled by injury arising out of and in the course of his duties, he shall become entitled, regardless of his period of service with the patrol . . . to leave of absence while so disabled without loss of salary, in lieu of disability payments under this chapter, for a period of not exceeding one year. . . ."

legal expenses. (Lab. Code, § § 4900-4903.) Appellants seek a writ of mandate directing the Controller to draw warrants for their "full salary payments without deduction, except as provided in Sections 4900, et seq. of the Labor Code. . . ."

The trial court denied relief and this appeal followed.

The record hints only elliptically at the allegedly illegal deductions. With the assistance of uncontradicted statements in the briefs, we gather that the following are examples of the deductions under attack: (a) medical insurance premiums, (b) retirement contributions, (c) salary garnishments by creditors.[2]

■ Section 4800, which authorizes the payments in question, is part of the Workmen's Compensation Law, codified as division 4 of the Labor Code. Division 4 commences with a series of definitions. Among the latter is Labor Code section 3207, which declares: " 'Compensation' means compensation under Division 4 and includes every benefit or payment conferred by Division 4 upon an injured employee, including vocational rehabilitation, or in the event of his death, upon his dependents, without regard to negligence."

The payments made to disabled California highway patrolmen are authorized, which is to say "conferred," by section 4800, which is part of division 4. By force of section 3207, they constitute compensation, that is, indemnification paid for work-connected disability. (*Boyd* v. *City of Santa Ana,* 6 Cal.3d 393, 397 [99 Cal.Rptr. 38, 491 P.2d 830]; *State Compensation Ins. Fund* v. *Workmen's Comp. Appeals Bd.,* 26 Cal.App.3d 200, 203-204 [103 Cal.Rptr. 29]; *Hawthorn* v. *City of Beverly Hills,* 111 Cal.App.2d 723, 728 [245 P.2d 352]; see also, *City etc. of San Francisco* v. *Workmen's Comp. App. Bd.,* 2 Cal.3d 1001, 1008, 1011 [88 Cal.Rptr. 371, 472 P.2d 459].)

In *Hawthorn, supra,* the court declared: "The term 'compensation' is a technical one and includes all payments conferred by the act upon an injured employee. 'Compensation' of an employee in the form of wages or salary for services performed, does not have the same meaning as the word 'compensation' in the Workmen's Compensation Act. The former is

---

[2]The petition alleges that section 104 of the Internal Revenue Code (26 U.S.C.A. § 104) excludes workmen's compensation benefits from federal income taxation. This cryptic allegation is the only hint in the record or briefs that income tax withholding may be involved. See also, California Revenue and Taxation Code, section 17138. Federal and state tax agencies are not parties to this litigation and questions of taxability have not been briefed. We do not decide whether the payments in question are subject to federal or state income taxation or income tax withholding.

remuneration for work done; the latter is indemnification for injury sustained. Wages and salary may, under some circumstances, be paid as compensation in lieu of the normal temporary disability payments prescribed by the act. Such payments do not constitute salary or gratuities, but are payments of compensation under the act." (111 Cal.App.2d at p. 728, fns. omitted.)

In support of its statement, the *Hawthorn* decision specifically cited Labor Code section 3207. Unfortunately, none of the parties cited section 3207 to the trial judge in this case. That statute was cited here for the first time on appeal. It is pivotal. Because payments authorized by section 4800 are "compensation" in the statutory sense, the protective provisions of Labor Code sections 4900-4903 apply to them.

Analogous to the payments for disabled, state-employed, law enforcement personnel under section 4800 are those made to local firemen and policemen under section 4850. The *Boyd, State Compensation Insurance Fund* and *Hawthorne* decisions dealt with payments of the latter sort. The Controller relies upon *Amborn v. Workmen's Comp. Appeals Bd.*, 19 Cal. App.3d 953, 958 [97 Cal.Rptr. 466], which derogates the analogy between section 4800 and section 4850. The *Amborn* decision did not involve the status of these payments as "compensation" within the meaning of section 3207 and did not cite that section. Nothing in *Amborn* detracts from the pivotal force of section 3207 in the case at bar.

Our own research has uncovered *Dept. of Motor Vehicles v. Ind. Acc. Com.*, 78 Cal.App.2d 626, 629 [178 P.2d 43], which holds that payments under section 4800 are not a disability allowance. We disagree with the opinion. It postulates a conflict between section 3207 and the declaration of section 4800 that salary is "in lieu of disability payments." The postulation rests upon an "either/or" approach to these two statutes. The approach assumes that a payment denominated "salary" cannot concurrently serve as indemnification for a salary loss caused by work-connected disability. The conflict has no reality. A payment may be a "salary" for some purposes and "compensation" for others.

To view these payments as "compensation" does not automatically bar all deductions. Labor Code section 4900 prevents pre-payment assignments of compensation claims; section 4901 generally prohibits garnishment by a claimant's creditors; section 4902 prevents direct payments to attorneys or agents; section 4903 permits certain liens, for example, for the expense of establishing the claim, for medical expenses and for unemployment insurance payments. As we have noted, the parties have been less than specific in describing the controverted deductions and have not argued

whether and to what extent they are banned by Labor Code sections 4900-4903. These provisions of the Labor Code definitely ban garnishments; they do not necessarily override statutory systems for employee retirement and insurance coverage. A statutory payroll deduction does not necessarily rest upon "assignment." As yet, the parties have presented an abstract issue in terms too general to permit precise adjudication. Statute must be matched against statute and a construction evolved, if possible, which is consistent with harmonized statutory purposes.

The judgment is reversed and the trial court directed to reconsider the petition in the light of this opinion. Had appellants cited Labor Code section 3207 to the trial court, this appeal might have been avoided; consequently, appellants will bear their own costs of appeal.

Richardson, P. J., and Janes, J., concurred.