DONALD AND JEAN GIVENS, PETITIONERS *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 4951-85.          Filed June 16, 1988.

*Debra Bowen,* for the petitioner.
*Joyce Sugawara,* for the respondent.

## OPINION

NIMS, *Chief Judge:* This case[1] was assigned to Special Trial Judge Helen A. Buckley pursuant to the provisions of section 7456(d)(3) of the Code (redesignated sec. 7443A(b)(3) by section 1556 of the Tax Reform Act of 1986, Pub. L. 99-514, 100 Stat. 2755) and Rules 180, 181, and 182.[2] The Court agrees with and adopts her opinion which is set forth below.

---

[1]This case was originally filed under the small tax case procedures of sec. 7463. Petitioners' motion to strike "S" status was granted by the Court.

[2]Unless otherwise indicated, section references are to the Internal Revenue Code of 1954 as amended and in effect during the year in issue. Rule references are to the Tax Court Rules of Practice and Procedure.

OPINION OF THE SPECIAL TRIAL JUDGE

BUCKLEY, *Special Trial Judge:* Respondent determined a deficiency in petitioners' 1982 Federal income tax in the amount of $4,179.

FINDINGS OF FACT

Some of the facts have been stipulated and they are so found. The stipulation of facts and accompanying exhibits are incorporated herein by reference. At the time they filed the petition herein, Donald Givens resided at South Gate, California, and Jean Givens resided at Placentia, California. After concessions, the principal issue to be decided is whether petitioners are entitled to exclude from gross income under section 104(a) of the Code amounts received as "sick pay" under the Los Angeles County Code (L.A.C.C.) following job-related injuries.

Petitioner Donald Givens (hereafter petitioner)[3] was employed as a deputy sheriff with the Los Angeles County Sheriff's Department from May 1, 1956, to October 18, 1982. He was injured in the course of his duties on March 5, 1981,[4] and became unable to perform his duties. Petitioner continued to be employed by the Sheriff's Department as a deputy sheriff until October 18, 1982, when he was retired for medical reasons. The injuries petitioner sustained in March of 1981 prevented him from returning to work at any time during either 1981 or 1982.

Petitioner received $6,588.70 in worker's compensation benefits during 1982. The parties agreed that these amounts are nontaxable. He also received the following "sick pay" and other allowances:

| | | |
|---|---|---|
| 2/16/82 to 3/21/82 | $2,966.56 | 100-percent sick pay |
| 3/22/82 to 5/16/82 | 3,105.46 | 65-percent sick pay |
| 5/17/82 to 10/16/82 | 7,042.77 | 50-percent sick pay |
| 9/82 | 420.00 | Clothing allowance |
| 10/82 | 17,651.50 | Outgoing lump-sum benefits |

---

[3] Jean Givens is a petitioner because she filed a joint return with Donald Givens for 1982.

[4] The parties stipulated that petitioner was injured on Feb. 16, 1981. We allowed petitioner to be relieved of that stipulation when the evidence indicated the injury occurred some 17 days later on Mar. 5, 1981.

Petitioner was originally injured in the course of his duties in August of 1979, and was disabled and unable to work until Mar. 1, 1981. At that time he was assigned to temporary duty at the central county jail. Unfortunately, he was injured again in the course of his duties on Mar. 5, 1981, while responding to an emergency alarm. This case arises as a result of compensation received as a result of the Mar. 5, 1981, injury.

Petitioner received an amount equal to his full salary for the first full year (less 17 days) after the date of his job-related injury, pursuant to California Labor Code section 4850 (West 1971) and title 5, section 6.20.070.C.3 of the Los Angeles County Code.[5] This amount was excluded from his gross income pursuant to section 104(a)(1) of the Code and the parties agree it is not at issue herein.

At the end of the 1-year period during which petitioner was entitled to receive the equivalent of his full salary, his physical condition had not become permanent and stationary. Accordingly, he was entitled to receive continued temporary disability payments under the provisions of California Labor Code section 4853 (West 1971). His condition became permanent and stationary in July of 1982, and he was granted medical retirement for disability on October 18, 1982.

The "sick pay" petitioner received during 1982 was paid pursuant to title 5, sections 6.20.010, 6.20.020, 6.20.030, and 6.20.070 of the Los Angeles County Code.

Petitioners included on their 1982 tax return $29,980 of the amount received by petitioner Donald Givens from the County of Los Angeles. They excluded from gross income $12,328 as in the nature of worker's compensation.

The $12,328 which petitioners excluded from their gross income was not a disability retirement benefit paid petitioner pursuant to an award of worker's compensation permanent disability benefits by the Workers' Compensation Appeals Board or pursuant to California Labor Code section 4850. Neither was it a disability retirement benefit paid as a result of petitioner's disability retirement in October 1982. It represents the amounts petitioner received as so-called "sick pay" pursuant to the Los Angeles County Code.[6]

Respondent, by amendment to his answer,[7] claimed an

---

[5] It appears from the county payroll records that payments to petitioner as worker's compensation benefits under California Labor Code sec. 4850 (West 1971) terminated on Feb. 16, 1982, rather than upon the completion of a full year after the injury, Mar. 5, 1982.

[6] The parties have stipulated that petitioner received total "sick pay" allowances of $13,114.79, and they have also agreed that petitioner excluded $12,328 of this amount from his gross income. The discrepancy of $786.79 has not been explained to the satisfaction of the Court.

[7] Respondent moved to amend his answer to conform to the proof. We took his motion under advisement and it will be granted and the amended answer will be filed.

increased deficiency based upon additional income of $1,206 which it was contended was erroneously not included in petitioner's compensation on the Form W-2 filed by Los Angeles County.

## OPINION

We must consider whether the amounts petitioner received under the so-called "sick pay" provisions are excludable from his gross income. This is an issue of first impression. Section 104(a)(1) of the Code excludes from the broad section 61 definition of gross income those "amounts received under workmen's compensation acts as compensation for personal injuries or sickness."

We are concerned here only with the question whether the amounts petitioner received under the "sick pay" provisions of the Los Angeles County Code are excludable under the provisions of section 104(a)(1). Section 1.104-1, Income Tax Regs., interprets section 104(a)(1) to exclude amounts received under workmen's compensation acts only to the extent those amounts were received "under a statute[8] in the nature of a workmen's compensation act which provides compensation to employees for personal injuries or sickness." We must, in order to resolve this matter, consider the relevant provisions of the California Labor Code and the supplementary provisions of the Los Angeles County Code.

Section 4850 of the California Labor Code provides that when members of certain specified classes of public safety employees (such as petitioner, a deputy sheriff) become disabled in the course of their duties, they shall be entitled, regardless of period of service with the city or county, to a leave of absence while disabled without loss of salary in lieu of temporary disability payments, if any, for the period of disability, but not exceeding 1 year, or until they are retired on permanent disability pension. The treatment of the amount that petitioner received under the provisions of California Labor Code section 4850 during 1982 ($6,588.74) is not at issue herein. Petitioners excluded this amount and respondent does not question the exclusion.[9] See Rev. Rul. 68-10, 1968-1 C.B. 50.

---

[8] The parties have stipulated that the payments were made pursuant to statute.

[9] We considered whether payments made to a highway patrolman under former sec. 4800 of the California Labor Code, a predecessor to sec. 4850 of that Code, were received under a

Los Angeles County has established its own comprehensive worker's compensation system as set forth in the Los Angeles County Code. Various systems of worker's compensation are in effect in the State of California. While the State has set some minimum standards, counties, charter cities, and other cities have established supplemental systems. Los Angeles County chose to establish a self-insured worker's compensation system rather than participate in the California State program. L.A.C.C. sec. 5.28.050. L.A.C.C. section 6.20.070 sets forth the county program in regard to injuries received in the course of employment. It incorporates by reference the provisions of California Labor Code section 4850 for those classes eligible for compensation thereunder. L.A.C.C. sec. 6.20.070.B.2. The section then sets forth in subsection D compensation and benefits due all persons injured in the course of their duties after the expiration of the first year of temporary disability. The subsection provides that the employee may elect one of the following:

1. To receive only those benefits provided under the worker's compensation laws of the State of California.

2. To use any full-pay or part-pay sick leave to which he would be entitled pursuant to section 6.20.010 through 6.20.060 if his injuries had not arisen out of or in the course of his employment in order to receive the difference between his sick leave pay and the sum of his worker's compensation benefits and earnings from other employment, when such sum is less than said sick-leave pay. When sick leave has been exhausted, the employee may elect to receive the alternative set forth in paragraphs 1 or 3 of this subsection D.

3. To use any previously earned vacation, full-pay sick leave, accumulated holiday time, or accumulated overtime in order to receive payment

---

workmen's compensation act and therefore excludible under then sec. 22(b)(5) of the Code in *Blackburn v. Commissioner,* 15 T.C. 336 (1950). In *Blackburn,* we held that such payments were not made under acts in the nature of workmen's compensation, but were "a continuation of regular pay during a period of incapacity in a manner similar to any other provision for sick leave, whether or not the employee is involved in hazardous duty." Subsequent to our decision in *Blackburn,* the California District Court of Appeal, Second District, in *Hawthorn v. City of Beverly Hills,* 111 Cal. App. 2d 723, 245 P.2d 352 (1952), held that the leave of absence while disabled without loss of salary under California Labor Code sec. 4850, represented indemnification for injury sustained. Such payments, the Court held, did not constitute salary or gratuities, but were payments of compensation pursuant to the Workmen's Compensation Act. See also *Hostetter v. City of Los Angeles,* 241 Cal. App. 2d 397, 50 Cal. Rptr. 526 (1966).

The Internal Revenue Service, in Rev. Rul. 68-10, 1968-1 C.B. 50, subsequently ruled, citing *Hawthorn,* that payments under Labor Code sec. 4850 "are made because of injuries or illness arising out of and in the course of the employee's duties. The fact that the amount received is equal to the employee's salary does not prevent such payments from being compensation within the meaning of workmen's compensation."

equal to the difference between his base salary and the sum of his worker's compensation benefits and earnings from other employment when such sum is less than his base salary. Upon expiration of all such benefits, the employee may elect to receive the alternatives set forth in paragraphs 1 or 2 of this subsection D.

Petitioner stated at trial he did not remember making an election to use sick leave but that he was told by payroll officials that after a deputy sheriff was off for a year, they then went into the sick leave payments. Whether petitioner formally made such an election or not we consider irrelevant to our determination of this matter. What is relevant is the fact that he received the payments. It is also relevant that subsection D states that such a person might elect to use any full-pay or part-pay sick leave to which he would be entitled pursuant to L.A.C.C. sections 6.20.010 through 6.20.060 *"if* his injuries had not arisen out of or in the course of his employment."* (Emphasis supplied.)

Los Angeles County employees earn full-pay sick leave based on qualifying service at the rate of 1 working day (8 hours) for each full month of qualifying service (with some adjustments for employees working a 56-hour workweek schedule). L.A.C.C. sec. 6.20.020. In addition to full-pay sick leave, sick leave at part-pay is accumulated on a sliding-scale schedule based upon completed months of continuous service. L.A.C.C. sec. 6.20.040. Effective January 1, 1980, the schedule provided for a certain number of days at 65-percent pay and then at 50-percent pay, to a maximum after 30 years of service of 56 days at 65-percent pay and 252 days at 50-percent pay.

Petitioner received total payments as follows: $2,966.56 at 100-percent pay, $3,105.46 at 65-percent pay, and $7,042.77 at 50-percent pay.

L.A.C.C. section 6.20.070 is the Los Angeles County Worker's Compensation Act. It represents a comprehensive scheme for industrial injury cases. Subsection D sets forth the county program for compensation and benefits after 1 year of temporary disability, and the provisions regarding sick pay are but one part of the county's overall program for worker's compensation.

Respondent contends that the sick leave provisions of L.A.C.C. sections 6.20.010 through 6.20.060 are available to

all Los Angeles County covered employees and that the benefit of such sick leave provisions is not limited to injuries received in the course of employment. Respondent further points out that the county sick leave provisions may also be utilized for nonemergency medical and dental care and to the limited extent of 3 days a year with permission for any personal reason. Respondent's contention is correct in regard to full-pay sick leave. L.A.C.C. sec. 6.20.030. Sick leave at part-pay may not be used for nonemergency medical or dental care nor may it be used for personal reasons. L.A.C.C. sec. 6.20.040.

Respondent fails to perceive that the act of incorporating by reference the sick leave provisions does not remove them from the county's worker's compensation provisions under L.A.C.C. section 6.20.070. It is clear that these provisions are an integral part of the county's general program of worker's compensation.

In carefully reviewing the county code, it is apparent that the county has chosen, in L.A.C.C. section 6.20.070, to provide a comprehensive worker's compensation act that applies solely to injuries in the course of employment. The fact that some of the compensatory elements of the act might be the same as those enjoyed by other county employees who have not suffered industrial injuries in no manner whatsoever serves to remove such compensation from outside the purview of the worker's compensation act.

We do not consider it significant that the county chose to incorporate by reference the complex sick pay provisions of L.A.C.C. sections 6.20.010 through 6.20.060 into its worker's compensation act rather than repeat such provisions within L.A.C.C. section 6.20.070. What is significant is whether the payment was made because of injuries sustained in the line of duty. *Dyer v. Commissioner*, 71 T.C. 560, 562 (1979). We find that these payments were made to petitioner as compensation for injuries he received on his job.

The facts in this case are unlike those we considered in *Rutter v. Commissioner*, T.C. Memo. 1984-525, affd. per curiam 760 F.2d 466 (2d Cir. 1985), cert. denied 474 U.S. 845 (1985). There the taxpayer, a New York City police officer, received sick leave payments pursuant to a labor

contract. We held that the labor contract was not a statute in the nature of a worker's compensation act and secondly, that even if it were so determined, the contract made no distinction in regard to sick leave payments between work-related injuries and others. See also *Take v. Commissioner*, 804 F.2d 553 (9th Cir. 1986), affg. 82 T.C. 630 (1984) and T.C. Memo. 1985-388. The Los Angeles County Code, however, makes such a distinction.

We have carefully considered respondent's argument that any employee who is ill or injured is entitled to use accumulated sick leave, whether at full pay or part pay. We do not believe that the fact that someone who has been injured, but not in the line of duty, may take sick leave compels a different result.

It is not the amount of the pay which is received which controls our determination whether it falls within the exclusion of section 104(a)(1). Rather, it is the reason for which it has been paid. *Dyer v. Commissioner, supra* at 562. L.A.C.C. section 6.20.070 already provides that these payments are made as compensation for injuries received in the course of employment. The statutory scheme here, unlike that which we considered in *Rutter v. Commissioner, supra,* makes a clear distinction between work-related injuries and others. As such, the payments are excludable from gross income.

Since Los Angeles County had mistakenly paid petitioner some 17 days less than he was entitled under the provisions of section 4850, he now asks that the Court hold the so-called sick leave payments made to him between February 17 and March 5, 1982, one year from the date of his injury, to be payments received under the provisions of California Labor Code section 4850 which respondent has agreed are excludable from gross income. We decline to do so. The county considered that it was making the payments under the provisions of L.A.C.C. section 6.20.070.D, rather than California Labor Code section 4850, and we treat them as so made. Any recourse petitioner might have in this regard must be with the county, not the Commissioner of Internal Revenue.

Respondent, on the other hand, asks us to hold that petitioner had unreported income of $1,206.36 in 1982.

Respondent was allowed to file an amended answer to make this claim, and respondent bears the burden of proving the correctness of the claim. Respondent's allegation is based in its entirety upon a statement to petitioner in an exhibit attached to the stipulation, a letter dated August 30, 1984, from the office of the sheriff. The relevant portion of that letter states:

Due to a clerical error in February 1982, 13 days' pay ($1,206.36) should have been reported as taxable earnings, but were not.

We do not read the particular stipulation involved herein as an agreement that the statements contained in the exhibit are true and correct. Respondent has placed no other evidence into the record to support his contention that petitioner had unreported income and accordingly we must hold he has failed to sustain his burden of proof in this regard. Further, the document in question would appear to relate to an underreporting of the "sick pay" which petitioner received and which we have held herein to be excludable in any event under the provisions of section 104(a)(1).

To give effect to this opinion and to concessions by petitioner,

*Decision will be entered under Rule 155.*

Reviewed by the Court.

STERRETT,* CHABOT, PARKER, WHITAKER, KÖRNER, SHIELDS, HAMBLEN, COHEN, CLAPP, SWIFT, JACOBS, GERBER, WRIGHT, PARR, WELLS, RUWE, and WHALEN, *JJ.*, agree with this opinion.

WILLIAMS, *J.*, did not participate in the consideration of this case.

---

*This opinion was reviewed by the Court prior to Chief Judge Sterrett's resignation from the Court.