T.C. Summary Opinion 2002-83

UNITED STATES TAX COURT

HAROLD T. AND FRANCESCA REDMAN, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 5523-01S.                    Filed July 9, 2002.

Harold T. and Francesca Redman, pro sese.

<u>John M. Tkacik, Jr.</u>, for respondent.


DEAN, <u>Special Trial Judge</u>:  This case was heard pursuant to
the provisions of section 7463 of the Internal Revenue Code in
effect at the time the petition was filed.  Unless otherwise
indicated, subsequent section references are to the Internal
Revenue Code in effect for the year in issue.  The decision to be
entered is not reviewable by any other court, and this opinion
should not be cited as authority.

Respondent determined a deficiency of $2,522 in petitioners' 1994 Federal income tax. The sole issue for decision is whether certain payments received by Harold Redman (petitioner) are in the nature of workers' compensation payments which are excludable from petitioners' gross income under section 104(a)(1).

Some of the facts have been stipulated and are so found. The exhibits received into evidence are incorporated herein by reference. At the time the petition in this case was filed, petitioners resided in Medina, Ohio.

### Background

In 1994, petitioner was employed as a firefighter by the City of Cleveland. He is a member of Cleveland Firefighters Local 93 (Union). Petitioner was injured on November 1, 1994, while fighting a house-fire. As a result of petitioner's injuries, he was placed on "On Duty" injury status (ODIS) for a total of 22 days. While on ODIS petitioner was paid $10,264.[1] The payments were made pursuant to a provision in the Collective Bargaining Agreement (CBA), which was agreed upon by the Union and the City of Cleveland and approved by the City on April 1, 1992, in Ordinance No. 641-93.

Petitioner deducted $10,264 from his income on his Form 1040, U.S. Individual Income Tax Return. The amount petitioner deducted was the identical amount which appeared on a letter

---

[1]This amount is rounded to the nearest dollar.

petitioner received from the City of Cleveland stating the amount he received while on ODIS. Petitioner's W-2, Wage and Tax Statement, did not indicate the amount received while on ODIS, nor did it identify any amount that was exempt from taxation.

### Discussion

Respondent contends that petitioners may not exclude from gross income amounts petitioner received while on ODIS because the payments made to him were not made pursuant to a legislative act in the nature of a workers' compensation act. Respondent's position is that the CBA entered into between the City of Cleveland and the Union was a contract and that the ordinance approving the CBA was merely an act by the City council to validate its agreement with the Union. Respondent also contends that the CBA provides for only the continuation of benefits such as vacation time while on ODIS and that it allows the City to assign an injured firefighter to less physically demanding jobs such as desk duty.

Petitioner argues that because the CBA was approved by City ordinance it qualifies as a statute in the nature of a workers' compensation act. He also argues that the continuation of salary and benefits is in the nature of a workers' compensation statute.

Gross income includes all income from whatever source derived, unless excludable by a specific provision of the Internal Revenue Code. Sec. 61(a). One exclusion from gross

income can be found at section 104(a)(1) for "amounts received under workmen's compensation acts as compensation for personal injuries or sickness". Section 1.104-1(b), Income Tax Regs. interprets section 104(a)(1) to exempt amounts received under a workmen's compensation act, "or under a statute in the nature of a workmen's compensation act which provides compensation to employees for personal injuries or sickness incurred in the course of employment." This exclusion has been strictly construed to conform with the general rule that all income is taxable unless it is specifically excluded. See Kane v. United States, 43 F.3d 1446, 1449, 1451 (Fed. Cir. 1994).

Where administrative rules or regulations have "the force and effect of law", they will be found to be the equivalent of a statute for purposes of section 1.104-1(b), Income Tax Regs. Dyer v. Commissioner, 71 T.C. 560, 562 (1979). As explained in Rutter v. Commissioner, 760 F.2d 466, 468 (2d Cir. 1985), affg. T.C. Memo. 1984-525:

> A regulation, like a statute, is a rule of general
> applicability promulgated by a public agency to govern
> conduct within the agency's jurisdiction. A labor
> contract, unlike a statute, is an agreement between
> union and employer, modifiable at any time. That
> * * * [a] labor contract involved a public employer is
> irrelevant to the legislative purposes behind the
> workmen's compensation exclusion, and does not convert
> the contract into a "statute".

Where the language of a collective bargaining agreement is by legislative act incorporated by reference into a municipal

code, and by this measure is enacted into law, it meets the statutory and regulatory requirements described above. Cf. Givens v. Commissioner, 90 T.C. 1145, 1149-1151 (1988). Mere approval by a city council of a collective bargaining agreement negotiated by a city and a union does not, without explicit incorporation into the city's code, meet the requirements described above. See Rutter v. Commissioner, supra at 468; Brooks v. Commissioner, T.C. Memo. 1997-568.

At trial, petitioner argued that Rev. Rul. 81-47, 1981-1 C.B. 55, stands for the proposition that any payment made to a disabled police officer is excludable from gross income under section 104(a)(1).[2] Petitioner overstates the breadth of the revenue ruling. The revenue ruling involved a police officer injured in the line of duty. State statute provided that all collective bargaining agreements entered into by the county had to be approved by "legislative acts" of the county council and incorporated by reference into the county code. Adoption by the council had the effect of enacting provisions of the collective bargaining agreement into law. The ruling found that the county

---

[2]Generally, revenue rulings are not regarded as precedent in this Court. In the appropriate circumstances, however, revenue rulings may be treated as concessions by respondent. See Cascade Designs, Inc. v. Commissioner, T.C. Memo. 2000-58 (and citations therein). Because petitioner cites a revenue ruling that is distinguishable from the facts in this case, the necessary circumstances to treat the revenue ruling as a concession are not present.

had adopted and incorporated the collective bargaining agreement into the county code.

In this case, the CBA was merely approved by City council, and there is no evidence that it was incorporated by reference or otherwise into the City code. Rev. Rul. 81-47 does not support petitioner's position.

Petitioner also relied on Dyer v. Commissioner, supra. In Dyer, a New York City high school teacher was injured in the course of her employment. New York City public school teachers were not covered by any regular workers' compensation act. New York statutes, however, vested the city with the authority and duty to provide teachers injured in the line of duty with full pay and no deduction from their sick leave during any absences resulting from on the job injuries. Pursuant to this authority, the Board of Education issued regulations which provided for such benefits. Because New York statutes vested the Board of Education with this authority, the regulations it issued had the "force and effect of law." Id. at 562. Dyer is distinguishable from the facts in this case. In Dyer, there was no collective bargaining agreement approved by a city ordinance.

This Court is unable to find, and petitioner was not able to cite, any Ohio statute or regulation analogous to that in Dyer. Petitioner cited statutory provisions and as part of his testimony read to the Court Cleveland Administrative Rule 123.

This Court, however, finds that petitioner's citations are to provisions that are not in the nature of a workers' compensation act, and they do not support his position that the CBA had the "force and effect of law."  Sec. 1.104-1(b), Income Tax Regs. Furthermore, while petitioner's citations refer to other possible sources of injury payments, they do not change the fact that the payments herein were made pursuant to the CBA, not a legislative act.

The agreement between the City and the Union was not incorporated by reference into legislation, it was merely approved by the City ordinance.  Thus, the CBA stands by itself as a contract between the City and the Union.  The agreement does not have the force and effect of law and is modifiable at any time.  See Rutter v. Commissioner, supra at 468 (labor contract does not qualify as a "statute" within the meaning of sec. 1.104-1(b), Income Tax Regs.); Covert v. Commissioner, T.C. Memo. 1990-598.  The finding that the CBA does not qualify as a "statute" within the meaning of sec. 1.104-1(b), Income Tax Regs., is determinative of the outcome in this case.  As a result, it is not necessary for us to decide whether the relevant provisions of the CBA are in the nature of a workers' compensation act.

We hold that petitioner did not receive disability payments under a workers' compensation act or a statute in the nature of a

workers' compensation act.  Thus, petitioner's "on-duty" injury payments must be included in gross income.

Reviewed and adopted as the report of the Small Tax Case Division.

To reflect the foregoing,

<u>Decision will be entered for respondent</u>.