[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 758 
OPINION
Plaintiff Ethel Harvey commenced an action for damages for injuries sustained in the course of her employment by the County of Contra Costa, alleged to have been proximately caused by the negligence of defendant Edwin Boysen. The injuries had caused her to *Page 759 
lose a substantial amount of time from her employment. During trial the action was settled by payment to her of $21,000.
A Contra Costa County ordinance numbered 36-8.1402 provided that any permanent employee of the county should receive full salary during any period of temporary work-connected disability.[1] Since plaintiff was such a permanent employee she was paid her salary throughout the disability resulting from her injuries.
The county claimed a first lien, under Labor Code sections 3852 and 3856, subdivision (b), against the settlement proceeds, for $2,327.34, the amount of salary paid plaintiff according to the ordinance. The superior court thereafter made an order denying the claim of lien. The county has appealed from the order.
Sections 3852 and 3856, subdivision (b), are found in division 4 of the Labor Code (§§ 3201-6002, inclusive) which constitutes California's Workmen's Compensation Act.
Section 3852 provides: "The claim of an employee for compensation does not affect his claim or right of action for all damages proximately resulting from such injury or death against any person other than the employer. Any employer who pays, or becomes obligated to pay compensation, or who pays, or becomesobligated to pay salary in lieu of compensation, may likewisemake a claim or bring an action against such third person. In thelatter event the employer may recover in the same suit, in addition to the total amount of compensation, damages for whichhe was liable including all salary, wage, pension, or other emolument paid to the employee or to his dependents." (Italics added.) *Page 760 
Section 3856, subdivision (b), states: "If the action is prosecuted by the employee alone, the court shall first order paid from any judgment for damages recovered the reasonable litigation expenses incurred in preparation and prosecution of such action, together with a reasonable attorney's fee which shall be based solely upon the services rendered by the employee's attorney in effecting recovery both for the benefit of the employee and the employer. After the payment of such expenses and attorney's fee the court shall, on application of theemployer, allow as a first lien against the amount of such judgment for damages, the amount of the employer's expenditure for compensation together with any amounts to which he may beentitled as special damages under Section 3852" (Italics added.)
(1) An employee's settlement with a third party tortfeasor is necessarily treated as a judgment in relation to sections 3852 and 3856, subdivision (b). (See Lab. Code, § 3860, subd. (b); R.E. Spriggs, Inc. v. Industrial Acc. Com., 42 Cal.2d 785
[269 P.2d 876]; San Bernardino County v. Indus. Acc.Com., 217 Cal. 618, 625-628 [20 P.2d 673]; Smith v. Trapp,249 Cal.App.2d 929 [58 Cal.Rptr. 229].)
(2a) The basic question presented to us is very simply stated. Do Labor Code sections 3852 and 3856, subdivision (b), in the factual context of this case, entitle the County of Contra Costa to a lien on the proceeds of plaintiff's settlement?
It is proper, initially, to point out that plaintiff makes no contention that negligence of the county contributed in any way to her injury and damages. We are therefore not concerned with the well-known rule of Witt v. Jackson, 57 Cal.2d 57
[17 Cal.Rptr. 369, 366 P.2d 641], denying the employer any recovery in cases where his negligence proximately contributed to the injuries. (See Serrano v. Workmen's Comp. Appeals Bd.,16 Cal.App.3d 787, 790-792 [94 Cal.Rptr. 511]; Smith v. Trapp,supra, 249 Cal.App.2d 929, 938-939.)
Labor Code section 3852 (and its predecessor statute, § 26 of the "workmen's compensation, insurance and safety act of 1917" (Stats. 1917, ch. 586, p. 831)) is "a legislative recognition of the equitable doctrine of subrogation." (Western States etc.Co. v. Bayside L. Co., 182 Cal. 140, 148 [187 P. 735]; Smith
v. County of Los Angeles, 276 Cal.App.2d 156, 162 [81 Cal.Rptr. 120].) (3) Where an employer is required to provide financial benefits to a workman because of disability brought about by a third party's negligence, the statute assures that the *Page 761 
employer, and not the workman, shall, at least ultimately, be entitled to recover the value of such benefits from the tortfeasor. (Smith v. Trapp, supra, 249 Cal.App.2d 929, 934-937; Eckman v. Arnold Taxi Co., 64 Cal.App.2d 229, 234 [148 P.2d 677]; Pacific I. Co. v. California, etc., Ltd.,29 Cal.App.2d 260, 267-271 [84 P.2d 313].) For in the absence of such a rule the workman, in a successful lawsuit, would have obtained a "double recovery" to the extent of the benefits paid him by the employer. Such a double recovery is against the policy of our law, and will not be permitted. (City of Los Angeles v.Industrial Acc. Com., 63 Cal.2d 242, 253 [46 Cal.Rptr. 97,404 P.2d 801]; Witt v. Jackson, supra, 57 Cal.2d 57, 73; Heaton
v. Kerlan, 27 Cal.2d 716, 719 [166 P.2d 857]; San BernardinoCounty v. Indus. Acc. Com., supra, 217 Cal. 618, 628;Gilford v. State Compensation Ins. Fund, 41 Cal.App.3d 828, 832 [116 Cal.Rptr. 615]; DeMeo v. St. Francis Hosp., 39 Cal.App.3d 174, 177 [114 Cal.Rptr. 280]; Carden v. Otto, 37 Cal.App.3d 887, 891 [112 Cal.Rptr. 749].) As said in Carden v.Otto, supra, page 891, "The provisions of the Labor Code which provide for employer's subrogation (Lab. Code, § 3850 et seq.) serve to bar double recovery by an employee who elects to claim benefits under the code and also seeks compensation for his injuries from a negligent third party." (Fn. omitted.)
(2b) Section 3856, subdivision (b), as indicated, entitled the employer to a lien against his employee's judgment, or settlement, in "the amount of the employer's expenditure forcompensation together with any amounts to which he may be entitled as special damages under Section 3852" (Italics added.) All benefits required to be paid by the employer, even though, as here, in excess of those ordinarily enjoined by the Workmen's Compensation Act, are deemed the "compensation" and "special damages" of section 3856, subdivision (b), and are subject to the employer's lien. Thus, continued salary paid the workman during disability as required by ordinance (Hostetter
v. City of Los Angeles, 241 Cal.App.2d 397 [50 Cal.Rptr. 526];Hawthorn v. City of Beverly Hills, 111 Cal.App.2d 723, 728-729 [245 P.2d 352]), or municipal charter (City etc. of SanFrancisco v. Workmen's Comp. App. Bd., 2 Cal.3d 1001, 1011 [88 Cal.Rptr. 371, 472 P.2d 459]), or statute (Knopfer v.Flournoy, 34 Cal.App.3d 318, 320-321 [109 Cal.Rptr. 892];State Compensation Ins. Fund v. Workmen's Comp. Appeals Bd.,26 Cal.App.3d 200 [103 Cal.Rptr. 29]), is subject to the employer's lien. Such salary, for which the employee renders no services, is deemed to be "compensation" for which, under sections 3852 and 3856, subdivision (b), the employer is given the right of reimbursement. (Boyd v. City of Santa Ana,6 Cal.3d 393, 397 [99 Cal.Rptr. 38, 491 P.2d 830]; Knopfer v.Flournoy, supra, *Page 762 
p. 321; State Compensation Ins. Fund v. Workmen's Comp.Appeals Bd., supra, 26 Cal.App.3d 200, 202-204; Johnson v.Contra Costa County Fire Protection Dist., 23 Cal.App.3d 868
[100 Cal.Rptr. 561]; Hostetter v. City of Los Angeles,supra, p. 400; Hawthorn v. City of Beverly Hills, supra, pp. 728-730.)
From the foregoing it will be seen that the salary paid plaintiff during her disability, by the County of Contra Costa, was in the nature of "compensation" paid, or "special damages," for which the county was entitled to the lien of Labor Code sections 3852 and 3856, subdivision (b).
We have considered the several remaining contentions of plaintiff.
(4) No merit is seen in the argument that the county waived, or should be estopped from asserting, its lien for failure to claim it in a timely manner. It has been held that the lien may timely be asserted any time before satisfaction of judgment (Jacobsen v. Industrial Acc. Com., 212 Cal. 440, 448 [299 P. 66]); under this rule where the case is settled before judgment, as here, the lien may reasonably be applied for, as was done here, before consummation of the settlement. Further we observe that the county was not given written notice of plaintiff's action as required by Labor Code section 3853; the contention that her superior's actual knowledge that an action had been filed was the equivalent of such written notice is unpersuasive.
We are told by plaintiff in her briefs that the amount of the lien, $2,327.34, had been deposited with the clerk of the superior court pending the lien proceedings, and that following denial of the lien, but before the county's notice of appeal, the clerk delivered the money to plaintiff. She contends that this circumstance constituted a waiver of the county's right to appeal. The contention is invalid. (5) It is only where the aggrieved party voluntarily does some act inconsistent with an intent to appeal that there is such a waiver. (See Reitano v.Yankwich, 38 Cal.2d 1, 3 [237 P.2d 6]; Hellman Commercial T. S. Bk. v. Alden, 206 Cal. 592, 599 [275 P. 794].) And since we find no record whatever supporting the factual premises of the contention, for that reason also, the contention is found to be meritless. (See Kinney v. County of Contra Costa, 8 Cal.App.3d 761, 771 [87 Cal.Rptr. 638].)
Nor is merit seen in the argument that "the county's continuing pay is not in lieu of temporary disability benefits as required by statute." As we *Page 763 
have pointed out, the payment of salary while plaintiff rendered no services to the county must be deemed "compensation" for which the county was entitled to a lien.
Payment to plaintiff of salary throughout her disability was not a "voluntary payment," a situation which, it is contended, precludes the right to subrogation. The county's ordinancemandated that she "shall continue to receive [her] full regular salary during any period of compensable temporary disability absence." The salary payments were of the sort found subject to section 3852's lien in Hostetter v. City of Los Angeles,supra, 241 Cal.App.2d 397, and Hawthorn v. City of BeverlyHills, supra, 111 Cal.App.2d 723. And we note that such benefits, even when voluntary, do not necessarily change their character as "compensation." (City etc. of San Francisco v.Workmen's Comp. App. Bd., supra, 2 Cal.3d 1001, 1011.)
(6) Nothing is seen in ordinance 36-8.1402 (see fn. 1,ante) which lends aid to the argument that by requiring return to the county of temporary disability payments, if any, from an insurance carrier, the county waived further subrogation rights under Labor Code section 3852 To make out such a waiver "there must be a clear, unequivocal, and decisive act of the party showing such purpose" (Newman v. Albert, 170 Cal.App.2d 678, 685 [339 P.2d 588]); none is shown here. And since no intent to waive the subrogation rights of section 3852 may reasonably be inferred from the ordinance, the construction aid of expressiounius est exclusio alterius is here inapplicable. That rule is inapposite where it would not be consistent with the legislative intent. (In re Cathey, 55 Cal.2d 679, 689 [12 Cal.Rptr. 762,361 P.2d 426]; Dickey v. Raisin Proration Zone No. 1,24 Cal.2d 796, 811 [151 P.2d 505, 157 A.L.R. 324] [cert. den.,324 U.S. 869 (89 L.Ed. 1424, 65 S.Ct. 1013)]; People v. HackerEmporium, Inc., 15 Cal.App.3d 474, 477 [93 Cal.Rptr. 132].)
For the several reasons stated the order "denying the motion of the County of Contra Costa for the imposition of a lien upon the interest of the plaintiff" is reversed.
Molinari, P.J., and Sims, J., concurred.
[1] The full text of ordinance numbered 36-8.1402 follows:
"A permanent employee shall continue to receive his full regular salary during any period of compensable temporary disability absence. `Compensable temporary disability absence,' for the purpose of this section, is any absence due to work-connected disability which qualified for temporary disability compensation under the Workman's [sic] Compensation Law set forth in Division 4 of the California Labor Code. When any disability becomes permanent, the salary provided in this section shall terminate.
"The employee shall return to the county all temporary disability payments received by him from the State Compensation Insurance Fund.
"No charge shall be made against sick leave or vacation for these salary payments. Sick leave and vacation rights shall not accrue for those periods during which such salary payments are made.
"The county contribution to the employees group medical plan under 36-8.1202 shall continue during any period of compensable temporary disability absence.
"The maximum period for the described salary continuation for any one injury or illness shall be one year from the date of temporary disability." *Page 764