JEFFERSON (Bernard), J.
I dissent.
This case involves a question of interpretation of 1971 amendments to Labor Code sections 3859 and 3860. Subdivision (b) of section 3859 was amended in 1971 to provide: “Notwithstanding anything to the contrary contained in this chapter, an employee may settle and release any claim he may have against, a third party without the consent of the employer. Such settlement or release shall be subject to the employer’s right to *980 proceed to recover compensation he has paid in accordance with Section 3852.”
Prior to the 1971 amendment to Labor Code section 3860, subdivision (b), that subdivision provided that the entire amount of settlement made between an insured employee and a third-party tortfeasor, with or without suit, was subject to the employer’s (carrier’s) full claim for reimbursement for compensation paid to the injured employee and for other expenses incurred on the latter’s behalf. The 1971 amendment to subdivision (b) of section 3860 of the Labor Code prefaced the provisions thereof, which made the amount of settlement subject to the employer-carrier’s claim for reimbursement, with the phrase: “Except as provided in Section 3859.”
Prior to the 1971 amendment to Labor Code section 3859, that section precluded any settlement of a claim by an injured employee against a third-party tortfeasor without the written consent of both the employee and the employer.[1]
In the instant case, the widow and children of a deceased employee filed a wrongful death action against three physicians and a hospital, as third-party tortfeasors, seeking to recover damages as a result of malpractice and negligence. The decedent’s medical attention from the defendant physicians and hospital followed from an injury on his job. Prior to the instant action, the workmen’s compensation carrier for decedent’s employer (hereinafter carrier) paid to the decedent’s widow the sum of $23,675 as death benefits pursuant to the Workmen’s Compensation Act. The carrier filed a notice of lien on the plaintiffs’ action against the physicians and hospital. During the course of the trial, plaintiffs and some of the defendants reached a settlement in the amount of $245,000.
This appeal arises out of the fact that the carrier filed a motion in the action against the doctors and hospital for an order that a lien in the amount of $23,675, which the carrier had paid as death benefits to the widow, be allowed against the settlement amount of $245,000 received by the widow. The settlement was reached without consent of the decedent’s employer or the employer’s carrier, who had .filed a lien in the action. The trial court granted the carrier’s motion and subjected the amount of settlement to the carrier’s claim of lien.
*981 The majority affirms the action of the trial court. In upholding the trial court’s order, the majority interprets the 1971 amendments to Labor Code sections 3859 and 3860 as authorizing an injured employee, without his employer’s consent, to effectuate a settlement with a third party alleged to be liable for his injuries if the settlement amount includes only the employee’s claims for damages not compensated for by workmen’s compensation benefits. If such a settlement is reached, the employer’s carrier has no claim to be reimbursed out of the proceeds of such a settlement. The majority holds that under the 1971 amendment to Labor Code section 3859, a settlement with a third-party tortfeasor, made by an employee without the carrier’s consent, will preclude a carrier’s reimbursement from the proceeds only if the settlement is made to cover the employee’s claim-—exclusive of the carrier’s separate claim against the third-party tortfeasor for the amount of workmen’s compensation benefits paid by the carrier to the injured employee.
Thus, the majority concludes that if an injured employee’s settlement with a third-party tortfeasor, made without consent of the employer’s carrier, includes not only the employee’s claim such as for pain and suffering, but also includes the items of medical and disability payments paid by the carrier to the employee, the carrier then has a right to assert a lien against the settlement proceeds and to be reimbursed for the medical and compensation benefits provided to the injured employee.
I cannot interpret the 1971 amendments to Labor Code sections 3859 and 3860 as does the majority in the case at bench. As I read the language of the 1971 amendment to Labor Code section 3859, no distinction is made between an injured employee’s settlement which includes only his own claim against the third-party tortfeasor and a settlement which includes both the employee’s claim and the employer-carrier’s claim for compensation and medical benefits which the carrier has had to make to and for the benefit of the employee. It is my opinion that the 1971 amendment to Labor Code section 3859, subdivision (b), is free of any ambiguity and precludes a workmen’s compensation carrier from asserting any claim for reimbursement against the proceeds of an employee’s settlement, irrespective of the component parts of such settlement.
In the instant case, the majority construes the settlement reached by the employee as including the death benefit payments made to the plaintiff’s widow by the employer’s carrier and, hence, entitles the carrier to reimbursement from the proceeds of the settlement. I do not construe *982 the record below as does the majority. I construe the colloquy between counsel for the plaintiffs and counsel for the third-party tortfeasor as amounting to no more than a promise by plaintiffs to indemnify the defendant third-party tortfeasor in the event the compensation carrier is able to obtain a judgment against the defendant for the amount paid as. death benefits. This is a far cry from an assertion by plaintiffs that the settlement figure included the carrier’s lien for $23,675. If this had been the agreement, it would have provided that defendant pay this sum to the compensation carrier and the balance ($245,000 less $23,675) to plaintiffs. The instant case illustrates the inherent quagmire of the majority’s position—that of trying to determine when a settlement reached by the injured employee and the third-party tortfeasor covers the compensation carrier’s claim and when it does not.
In my view, the language of the 1971 amendments to Labor Code sections 3859 and 3860 leads to only one conclusion—that the effect of these amendments is to permit an injured ¿mployee to make a settlement with the third-party tortfeasor, without securing the consent of the employer’s carrier, thus leaving the carrier with the one remedy of pursuing an action against the third-party tortfeasor to recover the carrier’s compensation payments made to the injured employee. In prefacing subdivision (b) of section 3860 of the Labor Code with the phrase, “[ejxcept as provided in section 3859,” the Legislature obviously intended to change the existing law so as to preclude the amount of the settlement made between the injured employee and the third-party tortfeasor from being subject to the employer’s (carrier’s) claim for reimbursement out of the settlement proceeds.
In permitting the injured employee to settle with a third-party tortfeasor without the consent of the employer’s carrier, the amendment to subdivision (b) of section 3859 sets forth very clearly the remedy remaining to the employer’s carrier. That remedy is set forth in section 3859, subdivision (b), by the language that “[s]uch settlement or release shall be subject to the employer’s right to proceed to recover compensation he has paid in accordance with Section 3852.” Section 3852 of the Labor Code provides, in pertinent part, that “[a]ny employer [carrier] who pays, or becomes obligated to pay compensation, . . . may likewise make a claim or bring an action against such third person. In the latter event the employer may recover in the same suit, in addition to the total amount of compensation, damages for which he was liable including all salaiy, wage, pension, or other emolument paid to the employee or to his dependents.”
*983 In Brown v. Superior Court (1970) 3 Cal.3d 427 [90 Cal.Rptr. 737, 476 P.2d 105], the court dealt with the provisions of Labor Code sections 3859 and 3860 as they existed prior to the 1971 amendments. In Brown, an injured employee had made a settlement with a third-party tortfeasor without the consent of the employer’s workmen’s compensation carrier, and the plaintiff employee sought to compel the trial court to approve the settlement, which would result in the exclusion of the carrier from reimbursement from the proceeds of the settlement. The court held that the trial court had no such authority to approve a settlement contrary to the express provisions of sections 3859 and 3860.
In so holding, the court stated: “The purpose of section 3859 in requiring the written consent of both employee and employer to any release or settlement of a claim against a third party, and of section 3860, subdivision (b), in declaring that the entire amount of a settlement is subject to the employer’s reimbursement claim, is of course to protect the rights and interests of employee and employer and to prevent or discourage either of them from obtaining a recovery from the third party at the expense or the disadvantage of the other. The employee and the employer have a common interest in establishing the negligence of the third party and the lack of any claimed contributory negligence of the employee, as unless and until those issues are finally determined or conceded against the third party neither employee nor employer will be entitled to recover.” (Brown, supra, 3 Cal.3d 427, at pp. 431-432.)
In Van Nuis v. Los Angeles Soap Co. (1973) 36 Cal.App.3d 222 [111 Cal.Rptr. 398], an attack was made upon the 1971 amendments to Labor Code sections 3859 and 3860 on the ground that, by limiting the employer’s carrier to recovery of its payments to the injured employee by bringing an action against the third party and cutting off of its right to be reimbursed out of the settlement proceeds constituted a denial of due process and equal protection constitutional provisions. The Van Nuis court rejected this contention.
By limiting the employer’s carrier to an action against the third-party tortfeasor as provided in section 3852, the 1971 amendments to sections 3859 and 3860 give full allegiance to Witt v. Jackson (1961) 57 Cal.2d 57 [17 Cal.Rptr. 369, 366 P.2d 641], which precludes a negligent employer from all recovery against the third-party tortfeasor.[2]
*984 It might be argued that if an employer’s carrier is precluded from obtaining any reimbursement out of a settlement made by the injured employee with the third-party tortfeasor, it would permit the injured employee to benefit by double recovery in the case of a settlement that includes both the employee’s own claim for pain and suffering as well as including an amount for special damages such as wage loss, medical and hospital bills, for which he has already received payment from the carrier. But whether the employee’s employer is claimed to be a negligent employer or a nonnegligent employer, it is highly unlikely that any settlement made by the injured employee with the third-party tortfeasor would include the face value special damage amounts already received by the employee from his employer’s carrier.
It is a matter of common knowledge and human experience that settlements generally constitute compromises and take into account factors such as whether the employer’s carrier would be precluded from recovery from the third-party tortfeasor under Witt v. Jackson principles. Since the likelihood of the employer being held contributorily negligent for the employee’s injury will generally be subject to reasonable dispute, it is highly unlikely that in any settlement with the injured employee, the total settlement amount will include any agreed-upon component amount for the special damages consisting of the amounts paid by the workmen’s compensation carrier for temporary or permanent disability and medical and hospital expenses.
In Harvey v. Boysen (1975) 50 Cal.App.3d 756 [123 Cal.Rptr. 740], the court dealt with Labor Code sections 3856 and 3852. As I have previously pointed out, section 3852 permits an employer to recover from the third-party tortfeasor the damages the employer (carrier) has suffered by virtue of the workmen’s compensation payments made to the injured employee. But because of Witt v. Jackson, an employer’s carrier is unable to recover against the third-party tortfeasor under Labor Code section 3852, if the employer was contributorily negligent in causing the employee’s injuries.
Section 3856 of the Labor Code provides that, in any action brought against the third-party tortfeasor by the injured employee, the employer (employer’s carrier) shall be entitled to reimbursement “out of the amount of such judgment” (italics added) for the compensation and other expenditures paid to or on behalf of the employee. Obviously, section 3856 is also subject to the restrictions imposed by Witt v. Jackson. But does section 3856 permit an employer’s carrier—whether the employer *985 was negligent or nonnegligent—to obtain reimbursement out of an employee’s recovery from the third-party tortfeasor, obtained by way of settlement and not by way of judgment? The Harvey court answered this question in the affirmative by simply stating that “[a]n employee’s settlement with a third party tortfeasor is necessarily treated as a judgment in relation to sections 3852 and 3856, subdivision (b).” (Harvey, supra, 50 Cal.App.3d 756, 760.) (Italics in original.)
I can find no principle of statutory construction which justifies construing the word “settlementused in Labor Code section 3856, to include a ''judgment” The Harvey court’s construction of the word “settlement” in section 3856 constitutes unwarranted judicial legislation, designed to produce a result considered desirable by that court. In the case at bench, in similar fashion, the majority’s construction of Labor Code section 3859, subdivision (b), to permit an employer’s carrier to impress its lien upon the proceeds of a settlement obtained by an injured employee from the third-party tortfeasor also constitutes judicial legislation and is likewise unwarranted by any principle of statutory construction.
In my view, the 1971 amendments to Labor Code sections 3859, subdivision (b), and 3860, subdivision (b), can logically be interpreted in only one way. These amendments permit an injured employee and a third-party tortfeasor, without the consent of the employer’s carrier, to enter into a settlement after an action has been filed, with the intentional result that the compensation carrier must obtain its reimbursement, if at all, solely from the third-party tortfeasor in the action against such tortfeasor pursuant to Labor Code section 3852. The employee’s settlement amount is intended to be free from any claim of reimbursement by the employer’s carrier irrespective of whether the employer was contributorily negligent or not.
It is inconceivable that the employee and the third-party tortfeasor have reached a settlement pursuant to Labor Code section 3859, subdivision (b), (without the employer’s [carrier’s] consent), without having fully assessed the application and role of Witt v. Jackson. Because both sides of the settlement are fully aware of the applicable principles of Witt v. Jackson, I see no danger that the employee will receive double recovery, or that a negligent employer will profit from its own wrong, or that a nonnegligent employer will be unable to recoup its loss from the third-party tortfeasor. The action against the third-party tortfeasor is the proper forum to determine the right of recovery on the part of the *986 employer against the third-party tortfeasor. Since a settlement is generally by nature a compromise of the legal positions advanced by the adversary parties, the amount received by the injured employee ought not to be subject to reduction by the compensation carrier’s lien. If the carrier is unwilling to compromise and enter into a settlement in the action against the third-party tortfeasor, Labor Code section 3852 provides the forum for determination of the issue.
In any event, it is not for the courts to rectify omissions of public policy from legislative enactments. This principle was stated many years ago in Dodds v. Stellar (1947) 30 Cal.2d 496, 506 [183 P.2d 658], in the following cogent language: “These several statutory provisions clearly define the rights of the parties and completely cover the field. They emphasize the separate and distinct interest of the employer or its insurance carrier in the avails of the damage recovery for its full protection and leave no room for the evaluation of the rights of the parties in a manner inconsistent with the legislative plan. If there is to be any change in these statutory provisions defining the rights of the parties, the suggestion for such change should be addressed to the Legislature rather than the courts.” (Italics added.)
I would reverse the order from which the appeal has been taken.
Appellants’ petition for a hearing by the Supreme Court was denied October 13, 1977.

Realistically speaking, the term “employer" refers to the employer’s workmen compensation insurance carrier.

What effect, if any, the doctrine of comparative negligence will have upon Witt v. Jackson remains to be determined by the California Supreme Court.