[Civ. No. 54614. Second Dist., Div. Three. Oct. 31, 1979.]

MARCUS ADLER, Plaintiff and Appellant, v.
LOS ANGELES UNIFIED SCHOOL DISTRICT et al.,
Defendants and Respondents.

**COUNSEL**

Morris L. Davidson for Plaintiff and Appellant.

John H. Larson, County Counsel, Dennis M. Gonzales and Gordon J. Zuiderweg, Deputy County Counsel, for Defendants and Respondents.

## OPINION

**COBEY, Acting P. J.**—Plaintiff, Marcus Adler, appeals from a judgment granting him an alternative writ of mandate and from a partial summary judgment in favor of defendants, Los Angeles Unified School District, et al., with respect to other causes of action of plaintiff's third amended complaint.[1]

## FACTS[2]

On or about May 8, 1969, plaintiff, a probationary high school social studies teacher for defendant district, voluntarily resigned his position effective June 20, 1969. Three days prior to his resignation becoming effective, plaintiff, while teaching in his classroom, was assaulted and injured by a student. The next day the principal of his high school rated plaintiff's work unsatisfactory in a performance report. On or about July 1, 1969, plaintiff learned of this unsatisfactory rating and immediately demanded an investigation and hearing thereon as required by the grievance and adjustment procedures of the district. The district denied this demand principally on the ground that since plaintiff had resigned, he, as an ex-employee, was no longer entitled to these procedures.

On or about August 24, 1970, plaintiff initiated this litigation. He did not, however, serve his complaint on defendants. About three years later (Aug. 20, 1973) he caused a first amended complaint to be filed and served upon defendants. Approximately five and one-half months thereafter (Feb. 8, 1974) he filed and served a second amended complaint upon defendants. About six and one-third months subsequent (Aug. 19, 1974) he filed and served upon defendants his third amended complaint. This is the pleading upon which the trial court granted the partial summary judgment and upon which, among other things, the trial, culminating in the issuance of an alternative writ of mandate, was had.[3]

---

[1]The nonfictitious defendants named in this pleading, in addition to the district, include seven individual members of the Los Angeles City Board of Education and Davis and Sanders, two high school principals. According to this pleading, Davis was principal of Dorsey High School and Sanders was principal of Hamilton High School.

[2]This statement of facts is taken almost completely from the findings of fact and conclusions of law. These have been included in the record on appeal as a separate document.

[3]The parties stipulated in writing to the waiver of the statutory requirement (Code Civ. Proc., § 583, subd. (b)) that the action be brought to trial within five years.

The third amended complaint contains five purported causes of action. The first of these is for loss of future earnings alleged to be in excess of $300,000 and is founded upon various alleged breaches of contract by defendants in not providing plaintiff a safe place to teach and in not granting him a grievance hearing on his unsatisfactory rating. In the second cause of action plaintiff claims that defendants in refusing to accord him a grievance hearing on his unsatisfactory rating violated his federal constitutional rights under the 1871 Federal Civil Rights Act (42 U.S.C. § 1983) and that this refusal being willful and malicious entitled him to $100,000 in punitive damages. The third cause of action is for injunctive relief with respect to the denial of the grievance hearing.[4] In the fourth cause of action plaintiff alleges that his resignation was coerced and therefore a writ of mandate should issue restoring him to his teaching position. Plaintiff asks in his final cause of action, the fifth, for specified disability pay of 12 weeks and 1 year as required by statute and board rules for injuries incurred by him in the aforementioned classroom assault by a student.

The trial court granted defendants summary judgment as to the first, second, third and fifth causes of action.[5] It also granted to plaintiff, after trial, an alternative writ of mandate directing that the district either replace plaintiff's unsatisfactory rating with a satisfactory rating or initiate grievance procedures with respect to the unsatisfactory rating. We understand from the briefs of the parties that the district has complied with the first alternative.

## DISCUSSION

1. ▉ *The Summary Judgment for Defendants on the First Cause of Action for Damages for Breach of Contract Was Proper.*

Government Code section 945.4 provides, with exceptions here immaterial, that no suit for money or damages may be brought against a

---

[4]This cause of action is not involved in this appeal.

[5]The trial court orally ordered judgment on the pleadings on these causes of action as well but the judgment actually made and entered is solely a summary judgment. Plaintiff contends that a summary judgment was improper in this case because there was no 10-day notice of the hearing thereon as is required by Code of Civil Procedure section 437c. This contention appears to be factually incorrect. The trial court refused to hear the motions of the parties for summary judgment on February 22, 1977, "for failure to give proper notice," but defendants' motion for summary judgment as to

public entity on a cause of action for which a claim is required to be presented until such a claim has been properly presented to the public entity and has been acted upon or been deemed to be rejected by the public entity. With an exception here immaterial, Government Code section 950.2 provides that a cause of action against a public employee for injury resulting from an act or omission within the scope of his or her employment is barred whenever an action against his or her employer for such injury is likewise barred.

A claim relating to a cause of action for injury to a person must be presented not later than the 100th day after the accrual of the cause of action according to Government Code section 911.2. A cause of action for this purpose, under Government Code section 901, accrues on the date upon which it would be deemed to have accrued for statute of limitations purposes. In the case of an injury to a person, such accrual occurs when the wrongful act was done. (See *Los Angeles City Sch. Dist.* v. *Superior Court* (1970) 9 Cal.App.3d 459, 467 [88 Cal.Rptr. 286]; 2 Witkin, Cal. Procedure (2d ed. 1970) Actions, § 263, p. 1116.)

The district's position is that plaintiff never presented a timely claim to it for the monetary damages which he now asserts in his first cause of action of the third amended complaint. In January 1977 plaintiff did apply to the trial court for permission to be exempted, pursuant to Government Code section 946.6, from the claim presentation requirement. The trial court denied this application on the ground that plaintiff had not applied to the district for leave to file a late claim within a year after the accrual of his cause of action. Plaintiff appealed this denial of such relief but thereafter apparently abandoned this appeal by taking no further action with respect to it.

Plaintiff, in an obvious change of position, now contends that the first cause of action pled by him in his third amended complaint did not accrue until the judgment in mandamus was rendered in his favor on June 28, 1977, and that he thereafter presented to the district a timely claim. The record on appeal does not contain this claim and his reliance on *Myers* v. *County of Orange* (1970) 6 Cal.App.3d 626, 635-636 [86 Cal.Rptr. 198], and *Olson* v. *County of Sacramento* (1974) 38 Cal.App.3d 958, 963-965 [113 Cal.Rptr. 664], is misplaced. They both involve a tolling of the claims presentation period for the time during

these causes of action was not heard and granted until March 3, 1977. Finally, we note in this connection that defendants' motion for judgment on the pleadings or in the alternative for a summary judgment was served and filed originally on or about September 3, 1976.

which the respective plaintiffs therein were either exhausting their administrative remedies, as required, or establishing judicially the requisite wrongfulness of the defendants' conduct. There were no precedent remedies that plaintiff had to exhaust in this case nor did he have to establish judicially first the wrongfulness of the district's denial to him of a grievance hearing before presenting to the district a claim for the monetary damages flowing therefrom. We will, therefore, affirm the summary judgment for defendants as to the first cause of action.

2. ■ *The Summary Judgment Dismissing Plaintiff's Fifth Cause of Action Was Improper.*

The trial court dismissed plaintiff's cause of action for specified disability pay for the injuries plaintiff incurred in the classroom attack by a student on June 17, 1969, apparently on the same ground of noncompliance with the statutory claim requirement and because plaintiff's recovery of approximately $37,725 net in workers' compensation benefits constituted his exclusive remedy for such physical injuries.

In so doing the trial court erred. Government Code section 905, subdivision (c), exempts from the claim requirement "Claims by public employees for fees, salaries, wages, mileage or other expenses and *allowances.*" (Italics added.) We believe that plaintiff's claim for special disability pay in this fifth cause of action constituted an allowance within the meaning of the subdivision. (Cf. *Longshore* v. *County of Ventura* (1979) 25 Cal.3d 14, 22 [157 Cal.Rptr. 706, 598 P.2d 866] (overtime pay).)

Defendants call our attention to Government Code section 935, subdivision (a), which authorizes a local public entity to impose a claims procedure upon claims exempted by the just-mentioned section 905 and to board rule 1206 which requires the presentation of claims to the district for matters covered by the just-mentioned statutory exemption. This board rule, however, was not adopted until September 11, 1969 (*Ruggiero* v. *Los Angeles City Unified Sch. Dist.* (1973) 33 Cal.App.3d 970, 975 [109 Cal.Rptr. 417]) which is almost three months after this cause of action for personal injuries accrued. It contains no provision purporting to make it retroactive in effect. This being so, it may not be so applied. (See 2 Am.Jur.2d, Administrative Law, § 308, p. 137.) Accordingly, it cannot bar this cause of action. (Cf. *McGranahan* v. *Rio Vista etc. Sch. Dist.* (1964) 224 Cal.App.2d 624, 629 [36 Cal.Rptr. 798].)

Similarly, plaintiff's compromise workers' compensation gross award of $43,900 does not constitute a bar to this cause of action. It no doubt does have that effect so far as any recovery by plaintiff of damages for these personal injuries in a civil suit is concerned (see Lab. Code, § 3601) but it does not prevent the payment of plaintiff's full salary (made up in part of workers' compensation benefits) for a limited period pursuant to Education Code section 44984 and board rules 3283 and 3284 implementing that statute.[6]

3. ■ *The Summary Judgment Dismissing Plaintiff's Second Cause of Action Is Likewise Now Improper.*

Since the rendition of the partial summary judgment under appeal on June 28, 1977, the United States Supreme Court decided on June 6, 1978, *Monell* v. *New York City Dept. of Social Services*, 436 U.S. 658, 690-691, 696-697 [56 L.Ed.2d 611, 635-636, 638-639, 98 S.Ct. 2018], in which it held in expressly overruling its earlier opinion in *Monroe* v. *Pape* (1961) 365 U.S. 167 [5 L.Ed.2d 492, 81 S.Ct. 473] that the Civil Rights Act of 1871 (42 U.S.C. § 1983) did apply to municipalities and other local governmental units such as school boards. Our Supreme Court over three years ago held in *Williams* v. *Horvath* (1976) 16 Cal.3d 834, 842 [129 Cal.Rptr. 453, 548 P.2d 1125], that under the supremacy clause of the United States Constitution a statutory claim requirement could not be invoked to bar a federally authorized civil rights action. (See also *Graham* v. *City of Biggs* (1979) 96 Cal.App.3d 250, 255 [157 Cal.Rptr.761].)[7]

In pertinent part the just-mentioned section 1983 reads: "Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State..., subjects, or causes to be subjected, any citizen of the United States...to the deprivation of any rights...secured by the Constitution and laws, shall be liable to the party injured in an action at law,..." The trial court expressly concluded as a matter of law that plaintiff was wrongly deprived of a grievance hearing on his unsatisfactory rating. Furthermore, in its "Intended Decision" the court indi-

---

[6]Payment of such full salary for this limited period can itself be regarded as a kind of workers' compensation benefits. (See *Harvey* v. *Boysen* (1975) 50 Cal.App.3d 756, 761[123 Cal.Rptr. 740].) As such, it would likewise be exempted from the claim requirement. (Gov. Code, § 905, subd. (d).)

[7]California courts clearly have concurrent jurisdiction with federal courts over federal civil rights suits. (*Brown* v. *Pitchess* (1975) 13 Cal.3d 518, 520-523 [119 Cal.Rptr. 204, 531 P.2d 772].)

cated that this conduct by the district constituted a denial of due process.[8] The due process so denied obviously includes federal constitutional procedural due process. The trial court further expressly concluded that the unsatisfactory rating could and did have a severe impact on plaintiff's ability to seek (*sic*) employment.[9]

We believe that one's ability to obtain employment within one's profession is a property right protected by the Fourteenth Amendment to the United States Constitution (see *Board of Regents v. Roth* (1972) 408 U.S. 564, 572-574 [33 L.Ed.2d 548, 558-559, 92 S.Ct. 2701]) and that the district's denial to plaintiff of a grievance hearing on his unsatisfactory rating was done under color of law. Accordingly, it would appear that the district in this respect may have violated the 1871 Civil Rights Act.[10]

If this be so, though, the only compensatory damages of substance that plaintiff may recover under this cause of action would appear to be quite possibly limited to the employment opportunities he allegedly missed because the prospective employer referred his application to the district and discovered his unsatisfactory rating. The continued existence of the unsatisfactory rating may well have been due in part at least to plaintiff's sleeping on his rights until August 20, 1973. (Civ. Code, § 3527.) But the defense of laches may be asserted only in equity and therefore does not apply to this cause of action for damages. (*Perez v. Singh* (1971) 21 Cal.App.3d 870, 872 [97 Cal.Rptr. 920].)

4. ■ *The Findings of Laches Are to Be Disregarded in Any Event.*

The trial court's findings of laches on plaintiff's part are to be disregarded in any event as lacking in the requisite substantial evidentiary

---

[8]A court's intended decision may be resorted to for the purpose of clarifying its decision (*Harm v. Frasher* (1960) 181 Cal.App.2d 405, 416 [5 Cal.Rptr. 367]; *Moore v. Ojai Improvement Co.* (1957) 152 Cal.App.2d 124, 128 [313 P.2d 47]), which is its findings of fact and conclusions of law. (*Martin Sch. of Aviation v. Bank of America* (1957) 48 Cal.2d 689, 695 [312 P.2d 251]; *Laurel Hills Homeowners Assn. v. City Council* (1978) 83 Cal.App.3d 515, 527 [147 Cal.Rptr. 842].)

[9]We think that this conclusion could be more accurately phrased to refer to *ability to obtain employment.*

[10]Since the two defendant high school principals (Davis and Sanders) had apparently nothing to do with the ultimate denial of the grievance hearing to plaintiff, they would not appear to be so chargeable. Whether the defendant members of the Los Angeles City Board of Education are monetarily initially liable under this cause of action seems to turn on whether they acted in good faith in this matter. (See *Wood v. Strickland* (1975) 420 U.S. 308, 315-322 [43 L.Ed.2d 214, 221-225, 95 S.Ct. 992].)

support. Without question, plaintiff's delay in serving defendants with any pleading in this action until August 20, 1973, was unreasonable, but there is no evidence in the record showing that this delay actually prejudiced defendants. Without such proof of actual prejudice and in the absence of acquiescence by plaintiff in the conduct sued upon, there could be no laches. (See *Conti* v. *Board of Civil Service Commissioners* (1969) 1 Cal.3d 351, 359 [82 Cal.Rptr. 337, 461 P.2d 617].)

5. ■ *The Request for Attorney's Fees Under Government Code Section 800 Was Properly Denied.*

This statute authorizes attorney's fees up to $1,500 for a prevailing plaintiff who establishes that a determination of an administrative proceeding was the result of arbitrary or capricious conduct on the part of a public entity. The district's denial of a grievance hearing to plaintiff on his unsatisfactory rating was wrong, but it was not *wholly* arbitrary or capricious since plaintiff was then no longer employed by it. (See *Marin Hospital Dist.* v. *Department of Health* (1979) 92 Cal.App.3d 442, 450 [154 Cal.Rptr. 838].)[11]

### DISPOSITION

The partial summary judgment for defendants as to the first and third causes of action of the third amended complaint is affirmed. The partial summary judgment as to the second and fifth causes of action of this pleading is reversed. The judgment granting the alternative writ of mandate is affirmed. The case is remanded, however, for further proceedings consistent with the views expressed in this opinion. Costs on appeal are awarded to appellant.

Allport, J., and Potter, J., concurred.

A petition for a rehearing was denied November 21, 1979, and appellant's petition for a hearing by the Supreme Court was denied January 3, 1980.

---

[11]This denial of attorney's fees under section 800 is without prejudice to a claim for such fees pursuant to Code of Civil Procedure section 1021.5. We do not suggest, however, that such an award is warranted. (See *Woodland Hills Residents Assn., Inc.* v. *City Council* (1979) 23 Cal.3d 917, 928, 939-940 [154 Cal.Rptr. 503, 593 P.2d 200].) Plaintiff may also claim such fees pursuant to 42 United States Code section 1988. The award of such fees thereunder to the prevailing party (other than the United States) appears to be mandatory unless special circumstances would make the award unjust. (See 1976 U.S. Code Cong. & Admin. News, No. 5, at p. 5912.) Whether the statute applies to suits prosecuted in California courts is questionable, particularly in view of the existence of section 1021.5 (See Note, *The Enforceability and Proper Implementation of § 1983 and the Attorney's Fees Awards Act in State Courts* (1978) 20 Ariz.L.Rev. 743, 758-766.)