Pamela STRICKLAND

v.

COUSENS REALTY, INC.

Supreme Judicial Court of Maine.

Argued Nov. 8, 1984.

Decided Dec. 4, 1984.

Bell & Geores, Martha E. Geores (orally), Lewiston, for plaintiff.

Strout, Payson, Pellicani, Cloutier, Hokkanen, Strong & Levine, Esther R. Barnhart (orally), Rockland, for defendant.

Before McKUSICK, C.J., and NICHOLS, ROBERTS, VIOLETTE, WATHEN and SCOLNIK, JJ.

McKUSICK, Chief Justice.

After a jury trial in the Superior Court (Knox County), Cousens Realty, Inc. appeals from a judgment for $10,000 awarded to Pamela Strickland for damages she suffered when the basement of her modular home, constructed by Cousens, flooded repeatedly. Cousens placed the foundation of Strickland's house below the level of the adjoining roadway, and the runoff from the road frequently filled the basement with water. The flooding damaged Strickland's belongings and necessitated the modification and repair of the home's foundation. In addition, the moisture caused the growth of mold in the living areas of the home. Strickland, being allergic to mold, became ill after it appeared. Finding no merit in any of defendant's points on appeal, we affirm the judgment below.

■ At trial Cousens requested a jury instruction that if Strickland had allowed Farmers Home Administration (FmHA), through which her house was financed, to determine the location and building specifications of the foundation and Cousens had constructed the house in accordance therewith, Strickland could not recover damages from Cousens for the water in the basement. "A party does not have a right to a requested special instruction unless it ... appears to be supported by the facts of the case...." *Schneider v. Richardson,* 438 A.2d 896, 897 (Me.1981). The evidence does not demonstrate that the FmHA played the decisive role in the placement of the foundation. On the contrary, Cousens' representative was an active participant in the site selection and was in part responsible for the location finally chosen. Thus, it was not error for the presiding justice to refuse to give the requested instruction.

■ A careful review of the entire record demonstrates that there is no merit in Cousens' allegations of insufficient evidence to support the jury's general finding of liability and its award of damages. The record is fully adequate to support the jury's finding of Cousens' liability on any and all of the grounds pleaded by Strickland: negligence, breach of express contract, and breach of implied warranty. Similarly, the evidence was sufficient for the general verdict awarding $10,000 in damages based on the cost of repairing Strickland's home, her loss of use of the basement as a garage, her loss of property, and her personal injuries. A general verdict of money damages is upheld "unless it has no rational basis in the record or the jury acted under some bias, prejudice, or improper influence, or reached its verdict by compromise." *Braley v. Berkshire Mutual Insurance Co.,* 440 A.2d 359, 361 (Me. 1982). Cousens attacks the amount of the damage award only on the grounds that the value of Strickland's lost belongings was not proven with enough exactitude and that the evidence was insufficient to establish that Cousens' negligence was the proximate cause of plaintiff's allergic health problem. The first attack is answered by *Michaud v. Vahlsing, Inc.,* 264 A.2d 539, 545 (Me.1970) ("the rule against uncertain or contingent damages applies only to such damages as are not the certain results of the wrong, and not to such as are the certain results but uncertain in amount"). The second is answered by an examination of the record, which contains ample evi-

dence to justify the jury in finding the requisite causal connection. In any event, both errors, if they be such, must here be deemed harmless. On this record, Cousens cannot show that if the alleged errors had not occurred, the general verdict for $10,-000 would lack rational support in the evidence. *See Bourette v. Dresser Industries, Inc.*, 481 A.2d 170, 175 (Me.1984).

 Finally, Cousens' assertion that Strickland's claims are barred by laches is an incorrect use of that principle. "Laches is peculiar to equity jurisdiction." *Duryea v. Elkhorn Coal and Coke Corp.*, 123 Me. 482, 483, 124 A. 206, 207 (1924). The case at bar is an action at law for money damages, to which the principle of laches has no applicability. *See Standard Oil Co. of California v. United States*, 685 F.2d 1322, 1333, 231 Ct.Cl. 86 (1982); *Adler v. Los Angeles Unified School District*, 98 Cal.App.3d 280, 289, 159 Cal.Rptr. 528, 533 (1979). *See generally* 27 Am.Jur.2d *Equity* § 154 (1966). The merger of law and equity by M.R.Civ.P. 2, effective December 1, 1959, did nothing to expand the historical reasons for the principle that a court of equity will not give equitable relief to a suitor who has failed to pursue his claim with a degree of diligence reasonable in the circumstances. *See Independent Bankers Ass'n of America v. Heimann*, 627 F.2d 486, 488 (D.C.Cir.1980). Laches is not available as a defense in actions for money damages.

The entry is:

Judgment affirmed.

All concurring.